### 8610

#### BEYLOT v. ATLANTIC COAST LINE R. R. CO.

RELIEF DEPARTMENT—CONTRACTS—FORFEITURE.—Under section 2808 of Code 1912, the representatives of a beneficiary of a relief department of a railroad company may recover the amount of the relief benefit, after suing for, recovering and collecting judgment for his death, although the contract provides that suit on the injury shall invalidate the contract. *Sturgiss* v. *R. R. Co.*, 80 S. C. 167, *distinguished from this case.*

Before FRANK B. GARY, J., Charleston, May, 1912. Reversed.

Action by Caroline M. Beylot against Atlantic Coast Line R. R. Co. The Circuit decree appealed from is:

"Briefly stated, this is an action in which the plaintiff seeks to recover an amount alleged to be due her by reason of the fact that her son, Marion J. Beylot, was killed while he was a member of the relief fund of the relief department of the Atlantic Coast Line Railroad Company, she being the beneficiary.

"The answer of the defendant states substantially that the said Marion J. Beylot was a member of said relief fund; was in the employ of the defendant and was killed while so employed. The answer sets forth the terms of the contract entered into when the said Marion J. Beylot became a member of the relief fund, one of the provisions being that if an action on account of injuries to or death of the said Marion J. Beylot should be instituted against the defendant to recover damages by the said Beylot or his representatives, benefits from the relief fund would be waived and released to the defendant. The answer further states that the plaintiff herein has, as administratrix of her son, instituted a suit against the defendant for her benefit; that she recovered judgment in said suit for ten thousand ($10,000.00) dollars, on account of the negligent killing of the said Marion J. Beylot by the defendant; and, that the said judgment with interest and cost was paid in full by this defendant on the 7th day of January, 1911, and a release in full executed therefor. The answer then invokes the terms of the contract as a defense to this action. The plaintiff demurs to the answer as not constituting a defense.

"Whether or not the answer constitutes a defense to the action is the sole question presented for my determination. I am referred to the case of *Sturgiss* v. *Atlantic Coast Line Railroad,* 80 S. C., and to the case of *Miller* v. *Atlantic Coast Line Railroad Company,* 90 S. C., as conclusively showing that the answer does not constitute a defense to this action. A careful study of the points decided by the two cases leads me inevitably to the conclusion that the

demurrer should not be sustained. It seems to me that it is no longer an open question. In the Sturgiss case the Court was evenly divided as to whether or not the act of the legislature limiting the effects of contracts such as the one above referred to is constitutional, and, of course, that question was left unsettled by that case. Subsequently the Miller case upheld the constitutionality of the act, and decided that it was a valid exercise of the police power of the State. The Miller case went no further than to settle what was left unsettled by the Sturgiss case. But in the Sturgiss case the Court was unanimously of the opinion, 'that the statute does not provide that a receipt or release given in satisfaction of a claim arising out of negligence shall be null and void and that even after full compensation for negligent injuries, the employee shall still have the right to recover his beneficial interest in the hospital fund, although he had previously relinquished it,' or as another of the Justices expresses it, 'the statute goes on to provide that the acceptance of benefits shall not estop from recovering damages for negligent injuries or death, and declared void any contract to the contrary, and any receipt or release given in consideration of such benefits, *but it nowhere declared that a member after full compensation for the negligent injury is still entitled to recover of the same defendant the benefits which he agreed to waive by accepting compensation in such other mode.*' The Miller case in no wise conflicts with this unanimous finding in the Sturgiss case.

"If, then, the statute is silent as to the effect of having brought suit against the same defendant for damages, parties would be governed by the terms of the original contract. Without some legislative limitation of this part of the contract, which as we have shown, does not exist, this part of the contract is binding upon the parties to it. *Johnson* v. *Railroad Co.,* 55 S. C. 152.

"It is therefore ordered: That the demurrer be, and the same is hereby, overruled.".

Plaintiff appeals.

*Messrs. Logan & Grace,* for appellant, cite: *The statute controls:* 219 U. S. 549; 90 S. C. 249.

*Mr. W. Huger FitzSimons,* contra.

July 14, 1913.   The opinion of the Court was delivered by

MR. JUSTICE FRASER.   The respondent thus states this case:

"This action was commenced on the 15th day of July, 1911.   The suit is by the beneficiary named in the contract of Marion J. Beylot, deceased, who was a member of the Atlantic Coast Line Railroad Company Relief Department, and is brought to recover two hundred and fifty ($250.00) dollars death benefits under said contract.   Marion J. Beylot was an employee in the service of the Atlantic Coast Line Railroad Company, and as such, became a member of said relief department and was killed on the 19th day of January, 1910, while in the service of that company and a member of said relief department.   The complaint alleges these facts.   The answer alleges that Caroline M. Beylot, the plaintiff herein, as the administratrix of the said Marion J. Beylot, brought a suit against the Atlantic Coast Line Railroad Company for the death of said Marion J. Beylot, and a judgment therein rendered in November, 1910, which judgment was paid in full January 7, 1911, and release in full executed therefor.   This suit was for the sole benefit of the plaintiff, Carolina M. Beylot, as the mother of Marion J. Beylot.   The answer also alleges the nature and organization of the relief department, its regulations and the nature of the contract of a member of such department.

It also alleges by the terms of said contract it was provided:

" 'If any suit should be brought against said Atlantic Coast Line Railroad Company for damages arising from or growing out of injury or death occurring to him, the benefits otherwise payable and all obligations of said relief department created by his membership therein should thereupon be forfeited without any declaration or other act by said relief department or said Atlantic Coast Line Railroad Company.'

"The answer further alleges that the bringing of said suit for damages for the death of said Marion J. Beylot and the recovery and payment of the judgment therein, forfeited all obligations for payment of benefits by defendant to plaintiff under the terms of the contract, and operated as a release and discharge of defendant from any and all claims by reason of the death of Marion J. Beylot or by reason of his membership in said relief department.

"Plaintiff demurred to the answer, alleging the facts therein stated did not constitute a defense, for the reason that the judgment in the suit for damages constituted no defense to this suit for benefits under the relief department contract.

"The case came on for trial upon the pleadings before Judge Frank B. Gary at the April term, 1912. The Circuit Judge overruled the demurrer, holding that the forfeiture clause of the contract was binding and the facts stated in the answer would constitute a defense by an order made May 8, 1912.

·"From that order this appeal is taken.

"The only question, therefore, raised by this appeal is whether a member of such a relief department, or his beneficiary, can maintain an action upon such a contract for benefits thereunder after a suit for damages has been prosecuted and recovered upon for the very injury for which the benefits are claimed."

The respondent relies upon *Sturgiss* v. *R. R. Co.*, 80 S. C. 167, 61 S. E. 261, to sustain the order overruling the demurrer. The difference between that case and this is that in the Sturgiss case the statement of facts contains the following, at pages 190-199 :

"That as a result of said action, the plaintiff succeeded in recovering from the defendant the sum of twenty-seven hundred ($2,700.00) dollars for the alleged injuries sustained and the same was paid to the plaintiff by the defendant and a *full and complete release and discharge was taken for all claim and demand against the said defendant for said injuries.*"

In this case there is no such allegation. Forfeiture was alleged and release by operation of the original contract. Mr. Justice Gary (now Chief Justice) and Chief Justice Pope, who concurred with him, did not hold as respondent claims. They set forth in that opinion the well established doctrine that there is a difference between a contract to release or limit liability for damages from future negligence and a settlement for past acts of negligence. The one is forbidden by the law and the other favored.

The appellant claims that in the Miller case, 90 S. C. 249, the plaintiff was allowed to take relief money and then bring suit, and claims that there is no logical difference between that case and the one in which an employee brings suit and then claims the relief money. There is no logical difference, but that is not the question. Our cases hold that the question must be decided by the statute and there is no power in the Courts to so amend the statutes as to make them conform to the Court's ideas of logic.

The statute is as follows: Code of Laws of South Carolina, vol. I, sec. 2808: "Receipt of Relief Fund no Bar to Action for Damages.—When any corporation, firm or individual runs or operates what is usually called a relief department for its employees, the members of which are required or permitted to pay dues, fees, money or other compensa-

tion, by whatever name called, to be entitled to the benefit thereof, upon the death or injury of the employee, a member of such relief department, such corporation, firm or individual, so running or operating the same is required to pay to the person entitled to the same the amount it was agreed the employee, his heirs or other beneficiary under such contract should receive from such relief department; the acceptance of which amount shall not operate to estop, or in any way bar the right of such employee or his personal representative from recovering damages of such corporation, firm or individual, for personal injury or death caused by the negligence of such corporation, firm or individual, their servants or agents, as are now provided by law; and any contract or agreement to the contrary, or any receipt or release given in consideration of the payment of such sum, is and shall be null and void."

It will be observed that in the first part of the section there is an absolute requirement, that corporations, firm or individuals shall pay according to the contract. This absolute requirement is not limited by any other part of the statute. On the contrary, it provides that acceptance of benefits shall not operate as an estoppel and also, that a release given, in pursuance of the contract, shall be void.

If the legislature had intended to make the action for damages operate as a release, it must say so in the act. The act does not say so and this Court has no right to amend the act by saying that a suit for damages shall operate as a release.

The judgment is reversed.

THE CHIEF JUSTICE *dissents for the reasons stated in the decree of his Honor, the Circuit Judge.*