9243

McDANIEL v. ATLANTIC COAST LINE R. R. CO.

(87 S. E. 145.)

RAILROADS — MASTER AND SERVANT — RELIEF DEPARTMENTS — EX POST FACTO STATUTES.—The South Carolina Statutes (Act February 23, 1903, 24 Stats. 79; Act March 7, 1905, 24 Stats. 962, Civil Code 1912, sec. 2808) do not operate retroactively, so as to disturb rights which become vested upon a beneficiary electing prior to their enactment to sue for damages to which she was legally entitled, rather than claim the benefits of a railroad company's relief department.

2. MASTER AND SERVANT — RETROACTIVE EFFECT. — Where a railroad employee was killed in service in 1901, and suit for the death was commenced by his widow in 1902, statutes enacted in 1903 and 1905 affirming the widow's right also to recover a death benefit from her

husband's having been a member of defendant's relief association could not be considered in the widow's second action against the railroad to recover the benefit as having any force to alter the rights of the parties in the premises, which were fixed before their enactment.

3. MASTER AND SERVANT—INJURIES TO SERVANT—CONTRACT OF MEMBERSHIP IN RELIEF ASSOCIATION—VALIDITY.—Where decedent, upon becoming a member of the relief department of his employing railroad, agreed that if any suit should be brought against the company for damages arising from or growing out of his injury or death, benefits otherwise payable and all obligations of the relief department and of the company created by the membership in the relief fund should be forfeited, without any declaration or other act by the relief department or company, such contract was not void as against public policy as operating to relieve the railroad from liability for negligence.

Before RICE, J., Sumter, Fall term, 1914.    Affirmed.

Action by Amanda McDaniel against Atlantic Coast Line Railroad Company. From judgment for defendant, plaintiff appeals.

The facts are stated in the Circuit decree, substantially as follows:

"The above stated action was commenced by the plaintiff on December 2, 1907, to recover of the defendant the sum of $250 and interest, which she claims she is entitled to receive as the widow of David McDaniel, who died December 17, 1901, from injuries received while at work on the yards of the defendant at Sumter, S. C., and who, at the time of his death, was a member in good standing of the 'relief department' of the defendant.

FOOTNOTE.—As to contract requiring servant to elect between acceptance of benefits out of relief fund and a prosecution of his claim for damages, see *Johnson* v. *C. & S. Ry Co.*, 55 S. C. 152, 32 S. E. 2, 33 S. E. 174, 44 L. R. A. 645; *Miller* v. *A. C. L. R. R. Co.*, 90 S. C. 249, 73 S. E. 71; *Beylot* v. *A. C. L. R. R. Co.*, 95 S. C. 210, 78 S. E. 871; *A. C. L. R. R. Co.* v. *Dunning*, 166 Fed. 850, 94 C. C. A. 128; *A. C. L. R. R. Co.* v. *Finn*, 195 Fed. 685, 115 C. C. A. 1, and notes in 11 L. R. A. (N. S.) 182 and 48 L. R. A. (N. S.) 440.

Suit was brought by the said Amanda McDaniel, as administratrix of her husband, on February 2, 1902, against the said defendant for damages for the death of her said husband caused by the wrongful acts of the defendant, and a judgment was obtained by her for the sum of $6,583.50 principal and interest, which was paid in the said amount by the defendant on March 26, 1907.

The defendant contends that the suit and judgment had and collected, bars the plaintiff from any recovery on said contract. And sets up also that the act of the General Assembly of this State passed in 1903 and 1905 (act February 23, 1903, 24 Stat. 79; act March 7, 1905, 24 Stat. 962, Civil Code 1912, sec. 2808), in relation to such contracts are unconstitutional. As McDaniel met his death in 1901, and suit was commenced early in 1902, both before either of the acts mentioned had been passed, I do not think they need be considered as having any force or effect on this case, as the rights of the parties had already been fixed. If the contract had not yet matured the said acts would apply, although the contract was in existence when such acts were made law. See *Miller* v. *A. C. L. R. R. Co.*, 90 S. C. 249, 73 S. E. 71. Upon the death of McDaniel, the widow, who was the beneficiary, was put to her election, either to claim the benefits of the 'relief department' or sue for damages. She chose the latter, and recovered what is presumed to be, the full amount which the defendant was liable for on account of the death of her husband, and collected same out of said defendant. Under the terms of the contract of her husband's membership in the said department she cannot now maintain this action.

The same or similar contracts have been considered by our Supreme Court in several cases, to wit: The Johnson case, reported in 55 S. C. 152, 33 S. E. 174, 44 L. R. A. 645; the Sturgiss case, in 80 S. C. 167, 60 S. E. 639, 61 S. E. 261; the Miller and Beylot cases, in 90 S. C. 249, 73 S. E. 71, and 95 S. C. 210, 78 S. E. 871. All of said cases, how-

ever, except the Johnson case, were after the enactments of the General Assembly above mentioned. In the last mentioned case, the Court was evenly divided in opinion as to whether or not the forfeiture clause in said contract operated to relieve the railroads from liability for negligence, and was, therefore, void as against public policy, and so far as I have been able to find, this point remains undecided by our Supreme Court. The Sturgiss case was determined by a release from liability after the rights of the parties had accrued and the Miller and Beylot cases were determined by the statutes mentioned.

The very able opinion of Chief Justice McIver in the Johnson case, and the potent reasoning of the Circuit Judge in his decree in the Sturgiss case, satisfy me that the contract is not one relieving the railroads from liability for negligence—is not unreasonable nor opposed to public policy, and in the case now before us, should be enforced according to its terms. It is, therefore, ordered and adjudged, that the complaint be, and hereby is, dismissed."

*Messrs. Lee & Moise* and *H. D. Moise,* for appellant, cite: 90 S. C. 249; 95 S. C. 212; 55 S. C. 152, 159; 38 S. C. 556; 67 S. E. 971; 219 U. S. 338; 10 L. R. A. (N. S.) 198; 1 L. R. A. 75; 35 Fed. 715; 90 S. C. 257; 219 U. S. 467; 34 L. R. A. (N. S.) 671; 31 Sup. Ct. Rep. 265; 175 U. S. 221, 228; 209 U. S. 56; 219 U. S. 186; 224 U. S. 613-616.

*Messrs. Lucian W. McLemore* and *Mark Reynolds,* for respondent. The former, *as to the construction of statutes,* distinguishes: 90 S. C. 249; 219 U. S. 549; and cites: 36 Cyc. 1201; 115 Mo. 184; 21 S. W. 788; 36 Cyc. 1210; 34 S. C. 468; 55 S. C. 295; 60 S. C. 1; 2 How. 608; 102 U. S. 203; 106 U. S. 124. *Relief department contracts:* 65 Fed. 305; 49 N. E. 582; 53 N. E. 290; 76 Fed. 439; 22 C. C. A. 266; 10 L. R. A. (N. S.) 198; 67 S. E.

971; 55 S. C. 152; 80 S. C. 167; 90 S. C. 249; 95 S. C. 210. *Statutes discriminatory:* 219 U. S. 549.

December 1, 1915.

The opinion of the Court was delivered by Mr. Justice Gage.

The question is, whether under the agreed facts of the case the defendant having been held liable for the negligent killing of an employee is now liable to his administratrix for any benefit which may be due to the estate of the deceased as a member of the defendants' relief department.

The sum in issue is about two hundred and fifty dollars.

These are the essential facts: The deceased was a switchman for defendant and became a member of the defendants' relief department in 1899, and was in good standing at his death; he met his death in 1901; the action therefor was begun in 1902; judgment therefor was recovered in 1906, and affirmed on appeal in 1907, and satisfied by payment the same year.

The Circuit Court concluded, that as McDaniel met his death in 1901 and suit was commenced early in 1902, both events happening before the statutes of 1903 and 1905 (24 Stats. 79 and 962, Civil Code 1912, sec. 2808) were enacted, these statutes need not be considered as having any force or effect in this case, as the rights of the parties were fixed before the enactment of the statutes.

We see no ground to differ with that Court, and we concur in the grounds upon which he has put his judgment.

We are, therefore, of the opinion that the judgment below must be affirmed, and it is so ordered.

Mr. Chief Justice Gary and Messrs. Associate Justices Hydrick and Watts concur in the opinion of the Court.

Mr. Justice Fraser, being disqualified, took no part in the consideration of this case.