9431

KEELS v. ATLANTIC COAST LINE R. CO.
(89 S. E. 388.)

1. CONSTITUTIONAL LAW—MASTER AND SERVANT—INJURIES TO SERVANT—INSURANCE CONTRACTS—DUE PROCESS—EQUAL PROTECTION—RIGHT TO CONTRACT—OBLIGATION OF CONTRACTS.—Civ. Code 1912, sec. 2808, making void the contract of the servant of a railroad by which insurance is provided him, and which provides that acceptance of benefits waives the right of action against the railroad, and that bringing such action waives the right to benefits, is not void as denying equal protection of the laws, or depriving the railroad of its property without due process of law, or unreasonably denying the right of private contract, or impairing the obligation of a contract.

2. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—APPLICABILITY.—Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1913, secs. 8657-8665), providing that a carrier may set off in suit for damages the amount of relief already paid, was not available to an employer who had not paid the benefits provided for by its relief department.

---

FOOTNOTE.—As to the effect of acceptance of benefits of relief department on right of recovery under the Federal Employers' Liability Act, see notes in 39 A. &. E. Ann. Cas. 1916a, 783, and 47 L. R. A. (N. S.) 50.

Before HON. C. J. RAMAGE, special Judge, Columbia, October, 1914.   Affirmed.

Action by A. M. Keels against the Atlantic Coast Line Railroad Company.   Judgment for plaintiff, and defendant appeals.

*Messrs. Barron, McKay, Frierson & Moffatt* and *Lucian W. McLemore,* for appellant, cite: 55 S. C. 162; 87 S. E. 145; 80 S. C. 167; 95 S. C. 210; Civil Code, sec. 2808. *Constitutionality of relief department act:* 90 S. C. 249; 219 U. S. 549; 36 Cyc. 1201, 1210; 115 Mo. 184; 21 S. W. 788; 34 S. C. 468; 55 S. C. 295; 60 S. C. 1; 2 How. 608; 102 U. S. 203; 106 U. S. 124; Cooley Const. Lim. (7th ed.), pp. 385, 404, 410, 411; 8 Cyc., pp. 931, 932, 993. *As to the relief department contract:* 65 Fed. 305; 49 N. E. 582; 53 N. E. 290; 76 Fed. 439; 22 C. C. A. 266; 10 L. R. A. (N. S.) 198; 67 S. E. 971; 55 S. C. 152; 80 S. C. 167; 90 S. C. 249; 95 S. C. 210; 87 S. E. 145.   *Stare decisis:* 62 S. C. 469. *Effect of Federal Employers' Liability Act:* 223 U. S. 1; 229 U. S. 156; 223 U. S. 492; 232 U. S. 248; 229 U. S. 146; 97 S. C. 50.

*Mr. E. J. Best,* for respondent, cites: 95 S. C. 210; 35 U. S. Stats. 65, sec. 5.

July 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Appellant's statement of its case is as follows:

"This action is brought to recover certain relief department benefits claimed by plaintiff-respondent to be due him by reason of his membership in the relief department operated by defendant-appellant and its employees, for an accident sustained and an alleged subsequent permanent disability.   Upon the trial, defendant moved for the direction of verdict in its favor.   The motion being overruled, a

verdict for plaintiff was returned under the direction of the Court, and, from the judgment entered upon this verdict, defendant appeals upon the exceptions to the overruling of motion for direction of verdict."

"Conceded and Undisputed Facts.—Plaintiff became a member of the relief department November 10, 1900. He was injured April 5, 1911, as a section foreman on defendant's railroad near the town of Barnwell, S. C. On August 29, 1911, he commenced, in the Court of Common Pleas for Barnwell county, an action for damages for the injury claimed, which resulted in judgment in his favor, which was paid and satisfied May 28, 1913, in the sum of $10,933.56. The relief department contract involved in this case is the same as that involved in all of the decisions in this State, beginning with the case of *Johnson* v. *Railway Company,* 55 S. C. 162, 32 S. E. 2, 33 S. E. 174, 44 L. R. A. 645, and ending with the case of *McDaniel* v. *R. R. Co.,* manuscript decision filed December 1, 1915, 102 S. C. 520, 87 S. E. 145."

1. The first and second exceptions are:

"Under the terms of the relief department contract, plaintiff, by his election to bring the action for damages for his injury and the enforcement and collection of judgment obtained in such action, has forfeited his right to relief department benefits and to maintain this action which is barred by the contract."

"If the South Carolina act of 1905 (Code 1912, Vol. I, sec. 2808) applies, that act is void as repugnant to both State and Federal Constitutions, as (a) denying the equal protection of the laws; (b) depriving defendant of its property without due process of law; (c) unreasonably denying the right of private contract, and (d) impairing the obligation of a contract."

The questions raised by these two exceptions are settled adversely to appellant, so far as this Court is concerned, by the cases of *Miller* v. *Railroad Co.,* 90 S. C. 249, 73 S. E.

71, and *Beylot* v. *Railroad Co.,* 95 S. C. 210, 78 S. E. 871. It is conceded that *McDaniel* v. *R. R. Co.,* 102 S. C. 520, 87 S. E. 145, does not apply.

2. Exception 3:

"If subject in the aspect presented in the instant case to statutory regulation, the contract is to be affected alone by the act of Congress of April 22, 1908, known as the 'Employers' Liability Act,' both plaintiff and defendant, at the time of the injury which forms the basis of the right of action set up in the complaint, having been engaged in interstate commerce, the State statute being superseded by the act of Congress, there is no provision to be found in the act of Congress in question depriving the relief department contract in the respect here involved of its full force and validity, and, therefore, it operates to bar the action."

The Federal act does not avail the appellant. That act, after declaring the contract void, provided:

"That, in any action brought against any such common carrier under and by virtue of any of the provisions of this act, such common carrier may set off therein any sum it had contributed or paid to any insurer, relief benefit, or indemnity that may have been paid to the injured employee, or the person entitled thereto, on account of the injury or death for which said action was brought."

It confines the credit to that portion paid by the common carrier. In this case, the appellant had paid nothing on the insurance and was not in a position to avail itself of the provisions of the Federal act. The Federal act seems to assume that the common carrier would have already paid the fixed and definite sum provided for by the relief department. The appellant has only itself to blame for its lost opportunity, and it is now too late to complain.

The judgment is affirmed.