9782

STARR v. ATLANTIC COAST LINE R. CO.

(93 S. E. 176.)

MASTER AND SERVANT—INJURY TO SERVANT—RELIEF CONTRACT—RELEASE IN FULL.—Civ. Code 1912, sec. 2808, provides that the acceptance of benefits under a relief department contract shall not bar an action for negligent injury notwithstanding a subsequent release given on payment of such sum only as may be due employee under contract. Plaintiff was injured while employed by defendant and while he was to accept an amount tendered and brought suit for damages for a member of defendant's relief department. A dispute existed as to the amount due plaintiff on the relief contract, and plaintiff refused his injury. A compromise was effected whereby plaintiff was paid $3,500, which he accepted, executing a release "in full payment by way of settlement and compromise, of all claims and damages growing out of or incident to the injury received by me." *Held*, the release was a bar to a suit on the relief contract.

Before SMITH, J., Columbia, May, 1916.   Affirmed.

Suit by H. F. Starr against the Atlantic Coast Line Railroad Company (Relief Department). Judgment for defendant, and plaintiff appeals.

*Messrs. D. W. Robinson* and *W. W. Hawes,* for appellant, submit: *The Relief Department is a mutual benefit insurance association:* 27 Stats. 535; *which though unincorporated may be sued:* 93 S. C. 417; Civil Code, secs 336-8; *distinguishes* 147 N. C. 103, 60 S. E. 724. *Its contracts must be construed under the laws of this State:* 193 U. S. 554; 203 U. S. 254; 84 S. C. 256; 181 U. S. 75; Civ. Code, secs. *2672, 2675. Construction under our law:* Civ. Code, secs. 2577, 2808; 95 S. C. 216. *Statutes are constitutional:*

24 Stats. 79 and 962; 104 S. C. 498.   *Effect of release:* 94
S. C. 299; 45 L. R. A. (N. S.) 463; 96 S. C. 50; 86 S. E.
565, 566.   *Additional grounds not specifically noticed can-
not be considered to sustain judgment:* 97 S. C. 287, 291;
64 S. C. 313; 100 S. C. 276; 51 S. C. 310; Rules Sup. Ct. 5;
subs. 6, 8 and 9.   *Nor, unless they are necessarily conclu-
sive:* 106 S. C. 318, 319; 23 S. C. 105.   *Statute of Limita-
tions:* Code Civ. Proc. 144; 104 S. C. 48; 97 S. C. 418.

*Messrs. Barron, McKay, Frierson & Moffatt* and *L. W.
McLemore,* for respondent.

July 25, 1917.

The opinion of the Court was delivered by Mr. Justice
Hydrick.

Plaintiff was injured while employed by defendant and
while he was a member. of defendant's Relief Department.
He sued to recover damages for the injury.   A compro-
mise was effected, and he executed a release, which is
pleaded in bar of this action on the Relief Department con-
-tract.   A verdict was directed for defendant.

The Relief Department is not a distinct entity, but merely
a separate department of the business of the railroad cor-
poration, so styled for convenience.   Liability for the
injury and under the contract are both liabilities of the same
corporation.   The addition of the words "Relief Depart-
ment" to defendant's corporate name amounts to nothing.

The pertinent clauses of the release are quoted below.
While the release does not specially mention the liability of
defendant under the Relief Department contract in express
terms, it discharges defendant from "any and all claims
incident to or growing out of said accident."   It is too plain
for argument that plaintiff's claim in this action was inci-
dent to and grew out of the accident; for, if the accident had
not happened, he would have had no claim at all.

35—107.

The point here involved was decided against appellant's contention in *Sturgiss* v. *Railroad Co.,* 80 S. C. 167, 203, 60 S. E. 939, 61 S. E. 261, and, by necessary inference, in *Beylot* v. *Railroad Co.,* 95 S. C. 210, 215, 78 S. E. 871, 872. Sturgiss sued and recovered for his injuries, *"and a full and complete release and discharge was taken for all claim and demand against the said defendant for said injuries."* He then sued on his contract in the Relief Department for the indemnity therein provided on account of his injuries. This Court, though divided on the other points considered, was unanimous in holding that his action was barred by the release, for the reason thus stated in the leading opinion:

"It is true the statute provides that the acceptance of benefits under the hospital fund shall not operate to estop or in any manner bar the right of the employee from recovering damages for the injury caused by the negligence of the corporation; but it does not provide that a receipt or release given in satisfaction of a claim arising out of negligence shall be null and void, and that even after full compensation for negligent injury the employee shall still have the right to recover his beneficial interest in the hospital fund, *although he had previously relinquished it."* (Italics added.)

In the Beylot case plaintiff was allowed to recover on the Relief Department contract, after a recovery of damages for the tort. But that case was distinguished from the Sturgiss case by Mr. Justice Fraser, who wrote the opinion, on the ground that there was no release of liability as there was in the Sturgiss case. He pointed out and emphasized the difference between the effect of the provision of the Relief Department contract that acceptance of benefits thereunder should operate as a release from liability for damages for the injury and a release executed after the injury in settlement of claims growing thereout, saying, in

effect, that the one is outlawed by the statute, and the other is favored by the law.

The statute (section 2808, vol. I, Civ. Code 1912) declares, in effect, that the acceptance of benefits under the Relief Department contract shall not operate to bar an action for negligent injury, notwithstanding the previous agreement contained in the contract that it shall have that effect, and notwithstanding any subsequent receipt or release given on payment of such sum only as may be due to the employee under the contract. The purpose evidently was to enable an injured employee to recover both the amount due him under the contract and damages for his negligent injury. Therefore the Court held in the Beylot case that the recovery of damages for the tort only did not bar an action for the sum due under the contract.

But the act does not purport to deny to the parties the right to settle both claims at the same time, and include both in one and the same receipt and release; and that is what they have done in this case. A dispute existed between them as to the amount due plaintiff under the contract. Plaintiff testified that defendant tendered him an amount, which he refused on the ground that it was less than was due him under the contract. He then brought suit for damages for his tortious injury, and a compromise was effected, whereby he was paid $3,500, and he accepted the same, "in full payment, by way of settlement and compromise," not of the suit then pending, but "of all claims and demands growing out of or incident to injury received by me," etc. If it had been the intention of the parties to limit that settlement and compromise to the action for tort, it would have been easy to so express it. But, in plain and unequivocal terms, the release includes all claims or demands growing out of or incident to the injury, which includes the claim here sued for. There is neither allegation nor proof that it was included in the release by accident, mistake or fraud.

The conclusion is inevitable that the release is a bar to this action.

Therefore, the judgment of the Circuit Court is affirmed.