## W. H. SNYDER v. T. N. NUNN.

(Case No. 5270.)

1. PLEADING—DEMURRER—A general allegation of ownership in the plaintiff is sufficient in a petition for the recovery of land; but if, in addition, the plaintiff sets forth his title and it does not appear good, a general demurrer to the petition should be sustained. See opinion.

2. ACT OF APRIL 6, 1881, CONSTRUED—APPRAISEMENT—The act of 1874 is no more rigid in its requirements as to an appraisement than the law of 1881. Under that law it was necessary that an appraisement should have been made by the officers named therein, in order to entitle a purchaser of school land to recover. That it was correctly made could not be presumed from the acceptance by the treasurer of the obligations and payments necessary to be made by the applicant.

3. SAME—An application to purchase land by a settler, under the act of 1881, made prior to the approval of the appraisement by the general land office, would vest no inchoate right in the applicant by reason of steps taken by him under that act.

4. ACT OF APRIL 12, 1883, CONSTRUED—The act of 1881 was superseded and repealed by the act of April 12, 1883. But by it the rights of settlers in good faith under the law of 1881, upon lands which had been appraised by the proper surveyor, but not placed in the market, were saved when the appraisement had been approved by the commissioners' court, and been filed in the general land office.

5. SAME—It was necessary that the land should have been appraised, that the application for purchase should have been filed within the prescribed time, accompanied by the affidavits necessary as proof of good faith, and that the reg-

ulations as to payment of the purchase money should have been complied with before the applicant could make the purchase under the act of 1881. Being a settler under the act of 1881, it was, in addition, necessary for such settlement to have existed on January 1, 1883, and at the time of the making of the application under the act of 1883.

APPEAL from Mitchell. Tried below before the Hon. Wm. Kennedy. This was an action of trespass to try title. The general and special exceptions to the petition were sustained, and the plaintiff, Snyder, declining to amend, the case was dismissed. The allegations of the petition are stated in the opinion of the court.

*C. C. McGinnis*, for appellant, cited: Bridges *v.* Cundiff, 45 Tex., 441; Evans *v.* Womack, 48 Tex., 233; Wade *v.* Converse, 18 Tex., 233; Edgar *v.* Galveston City Co., 46 Tex., 421; Grimes *v.* Hobson, 46 Tex., 417; Dangerfield *v.* Paschal, 20 Tex., 537; Easterling *v.* Blythe, 7 Tex., 210; Shepard *v.* Cummings, 44 Tex., 502; Titus *v.* Johnson, 50 Tex., 224; 20 Tex., 253; 8 Tex., 36; 7 Tex., 288; 39 Tex., 227; Laws of 1881, 119, 122.

*Fowlkes & Looney*, for appellee, cited: Hob. Tex. Land Law, sec. 45; Hughes *v.* Lane, 6 Tex., 294; Bacon *v.* Russell, 57 Tex., 409; Laws 17th Legislature, 119; Laws 18th Legislature, 85; Cooley's Con. Lim., 284, 359, 384; Dwarris on Statutes, 676; Ray *v.* Goodwin, 4 Moore & Payne, 341; Van Inwagen *v.* City of Chicago, 61 Ill., 31; Wilson *v.* Railway Company, 64 Ill., 542; 15 N. Y., 152; Kohlhass *v.* Linney, 26 Tex., 333; Turner *v.* Ferguson, 39 Tex., 508; Ramsey *v.* Medlin, 55 Tex., 248.

WILLIE, CHIEF JUSTICE.—This suit was brought by Snyder against Nunn to recover possession of six hundred and forty acres of land, it being section one hundred and fifty-four, in block number three, surveyed for the common school fund by the Houston & Great Northern Railroad Company, in the county of Scurry, and to annul the claim of Nunn as a cloud upon the plaintiff's title. The petition alleges that Snyder is the equitable owner of the land, and was in possession of the same on January 1, 1884, and that the defendant at that time entered upon it, and still withholds the land from the plaintiff, to his damage $5,000. It further, after reiterating the ownership of plaintiff, alleges that the defendant sets up a pretended title to the land, thereby casting a cloud upon the plaintiff's right thereto, to his damage $5,000, and prays that this cloud be removed and for possession and general relief.

The petition then proceeds to set forth the title under which the plaintiff claims the land, and renews its allegation of damages and prayer for relief. The title of the plaintiff is alleged to be as follows: He went upon the land prior to April 6, 1881, with the intention of purchasing it so soon as it could be placed upon the market. With that view, he built a house upon it at a cost of $1,000. In pursuance of this purpose, on April 5, 1882, he made application to the surveyor of Palo Pinto land district, where the land lay, to purchase the land, but could not, because the appraisement had not been approved by the general land office. On August 8, 1883, he applied to the commissioner of the general land office to purchase the land, filing therewith his own and the affidavits of two other persons that prior to April 6, 1881, he had made permanent and valuable improvements upon the land. He paid one year's interest and the first installment due upon the land. But the appraisement had never been approved by the general land office.

To this petition, the defendant filed a general demurrer and special exceptions, only three of which it will be necessary for us to state. The first special exception is to the effect that the petition wholly fails to show that the plaintiff made application to the surveyor for the purchase of the land, and had the same recorded, and that he paid one-twentieth of the appraised value, or tendered it to the state treasurer. The second is to the effect that the petition shows that, at the time the application to purchase was made, the land was not in the market, and the district surveyor had no right to receive and file applications to purchase.

The third is to the effect that the petition for purchase made to the commissioner of the general land office, on August 8, 1883, is defective in that the affidavits of the plaintiff and his two witnesses do not state that he was an actual settler, in good faith, on the land on January 1, 1883; and the petition does not state that fact, nor that he ever was such good faith settler at any time.

The court below sustained both the general demurrer and the special exceptions, and the plaintiff declining to amend, the cause was dismissed. From the judgment dismissing the cause an appeal is taken to this court. It is urged by the appellant that the general demurrer should not have been sustained, because the first and second counts of his petition set forth a good cause of action, and that the suit should not have been dismissed after the special exceptions were sustained, because they applied to the third count only ; and, even if that was stricken out, a good cause of action, as set forth in the first and second counts, still remained. It is true that a general allegation of owner-

ship in the plaintiff is sufficient in a petition for the recovery of land; but if the plaintiff goes further and sets up his title, and his allegations show that it is not a good one, a general demurrer to the petition should be sustained. Hughes v. Lane, 6 Tex., 294.

The plaintiff, in making out his case, is confined to the facts alleged, and if they give him no right to the land, it is useless to sustain them by evidence. Hob. Tex. Land Law, sec. 45. In this case the only interpretation to be placed upon the petition is that the title claimed by plaintiff in his two so-called first counts is described and more fully set forth in the latter clause of the petition. This is clearly shown by the language of its closing paragraph. After closing all his allegations as to title, and, if we may so term them, all the counts of his petition, he says "that by reason of the improvements made in good faith by the plaintiff, and by reason of all the facts before stated, the plaintiff is the equitable owner of said section of land."

This is equivalent to saying that "the title I rely on to sustain this action rests wholly upon the facts just recited." It is the same thing as if he had set forth these facts in the beginning of his petition, and had followed them with an averment that by reason of these facts he became the equitable owner of the land, and then proceeded to allege the claim and trespass of the defendant. The meaning and intention of the concluding claim is not altered by the position it occupies in the pleading.

We think, therefore, that the petition sets forth the title upon which the plaintiff sought to recover, and unless that title is good against the demurrer and exceptions urged to it, the plaintiff's suit was properly dismissed. The law of April 6, 1881, was in force when the plaintiff applied for a purchase of the land. This application was made to the district surveyor, but, at the time, the land was not subject to purchase, because the appraisement had not been approved by the general land office. The petition does not inform us who made the appraisement, nor give us any facts by which we can tell whether or not it had been made by the proper officers. In Ramsey v. Medlin, 55 Tex., 248, it was held absolutely necessary that an appraisement should have been made by the officers named in the law to entitle a purchaser of school land to recover. No presumptions would be indulged that it was correctly made from the fact that the state treasurer accepted the obligations and certain of the payments to be made by the applicant. That was under the law of 1874, but it is no more rigid in its requirements as to an appraisement than the law of 1881. But, in this case, there was not even a payment, or tender of payment, under the act of 1881. Under that act, application for purchase could not be made

until after an appraisement, approved by the general land office. The application of Snyder, therefore, was premature. No inchoate right to the land was vested in him by reason of the steps taken under the act to which we have alluded. The act of April 12, 1883, superseded and repealed the act of 1881, but saved the rights of settlers in good faith, under the latter act, upon lands which had been appraised by the proper surveyor, when the commissioners' court had approved the appraisement, and it had been filed in the general land office, but the lands had not been placed on the market under the appraisement.

These settlers, however, could not reap the benefit of the law unless they complied with certain conditions imposed by it. In the first place they were to pay for the land the price per acre fixed by the appraisement, with eight per cent. interest as prescribed by the act of 1881. We have no allegations as to what was the amount of the appraisement, nor by whom it was made, nor that it was made at all. It was further required that the settler should within six months from the time the act took effect file in the general land office his application to purchase the land, and on payment of one-thirtieth of the purchase money and one year's interest, and forwarding his affidavit stating that he is and was on January 1, 1883, an actual settler in good faith upon the land, and that he settled on it with a view to purchase it, together with the affidavits of at least two credible citizens of his county, showing that such applicant is and was a settler in good faith upon said land, he could be allowed to make the purchase. These were essentials to be complied with before any title whatsoever could be obtained by settlers under the act of 1881. They are statutory and cannot be dispensed with. The very foundation of the applicant's right to the land was that he was a good faith settler under the act of 1881, and that this settlement, as well as its good faith, existed on January 1, 1883, and at the time of making the application. What he had done previous to that time was of no importance, if he had removed from the land prior to that date, or since that time and before making the application.

The petition in this case is fatally defective in its averments upon this subject. The affidavits of the applicant and of his witnesses do not show that he was a settler in good faith on January 1, 1883, or at the time of making the application. They merely show that prior to April 6, 1881, he had made permanent and valuable improvements upon the land. He may have gone on the land and improved it before April, 1881, and yet never have settled upon it at all. He may have improved it and settled upon it, and afterwards, and before January 1, 1883, abandoned the land altogether. And it may be added that

in the whole petition, there is nothing to show that he has not done so. The statute has prescribed certain facts which must exist before the applicant shall be entitled to the land. It has also prescribed the precise and only proof that will be received of these facts, and the time and mode in which this proof must be made. Without a compliance with these prerequisites, the applicant has laid no foundation for a title, and cannot demand one of the state, nor recover against an occupant of the land. We think the allegations of the petition showed that the steps the appellant had taken to secure the land were unauthorized by law, and that he was in the same position as if he had made no application at all. The special exceptions pointed out the defects. in his pleadings, and his failure to amend was a confession that he could make out no better title to the land, and his petition was properly dismissed.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 18, 1886.]