## J. J. FAULK v. M. BYERLY.

Delivered October 22, 1896.

**School Lands—When Segregated From the Public Domain—"Isolated and Detached" Lands.**

When a purchaser of lands from the Commissioner of the General Land Office gives to the State his obligation to pay the price thereof and to perform the other conditions of the sale, the land so purchased becomes segregated from the public domain; and an adjoining section is so "isolated and detached" as to be subject to sale under the Acts of 1887 and 1889, section 22.

APPEAL from Chambers. Tried below before Hon. L. B. HIGH-TOWER.

*J. J. Faulk*, for himself.—The State offered for sale the public lands belonging the school fund by the enactment of the laws of 1879, 1881 and 1882, pp. 23, 119, 36, stating therein the terms and conditions of sale, and on the acceptance of the proposition and compliance with terms thereof by a purchaser, the contract was complete. Sess. Acts, 16th Leg., p. 25; Sess. Acts, 17th Leg., p. 119; Acts Called Session, 17th Leg., p. 36; Watts v. Wheeler, 30 S. W. Rep., 297; Peters v. Clements, 46 Texas, 123; McKilrain v. Allen, 58 Texas, 387; Cattle Co. v. Bacon, 14 S. W. Rep., 840; White v. Martin, 66 Texas, 343; State v. Work, 63 Texas, 148.

*Douglass & Jackson*, for appellee.—The court did not err in holding that sections 56 and 58 were not segregated from the school fund by virtue of the award (not sale) to Middleton, at the time of the award to Lynn in January, 1893, so as to detach section 52, and not until Middleton had performed the prerequisites entitling him to demand title to sections 56 and 58. Sess. Acts, 1887, p. 85; Sess. Acts, 1889, p. 85;

Sess. Acts, 1893, p. 85; Sayles' Civ. Stats., art. 4039; Snyder v. Nunn, 66 Texas, 255; Cattle Co. v. Bacon, 79 Texas, 12; Metzger v. Johnson, 20 S. W. Rep., 1116; Eastin v. Ferguson, 23 S. W. Rep., 918; Bennett v. Winburn, 25 S. W. Rep., 969; Cameron v. State, 26 S. W. Rep., 869; White v. Martin, 66 Texas, 340; Hitson v. Hancock, 21 S. W. Rep., 710.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant brought suit to recover of appellee one section of school land, section 52. This section 52 adjoins sections 56 and 58. The plaintiff claimed by purchase in January, 1893, of the Commissioner of the Land Office, W. L. McGaughey, under section 22 of the Acts of 1887 and 1889, authorizing the sale of "isolated and detached" school lands. Sections 56 and 58 were sold by the Commissioner of the Land Office in February, 1883, by virtue of the Acts of 1879, 1881 and 1882. The law was in all respects complied with by the purchaser of these two sections. Payments upon the purchase were duly made, and, upon the last payment, in February, 1895, Commissioner Baker issued a patent to the purchaser of these two sections. On April 15, 1895, Commissioner Baker declared the sale made on the 12th of January, 1893, and under which plaintiff claims title, vacated on the ground, that the section was not "isolated and detached," because the purchaser of sections 56 and 58 had not, at the time of sale of section 52, fully completed payments of the purchase money, and consequently sections 56 and 58 were at that time still a portion of the public domain; and the day after said sale was declared vacated and annulled by Baker, the land was put upon the market and purchased by the appellee, he being an actual settler upon the land. The plaintiff and those under whom he claimed had fully complied with the conditions of the sale of the land made in January, 1893. The trial court sustained the ruling of Commissioner Baker, that the sale of section 52 in January, 1893, was unauthorized, and gave judgment for appellee; and to this judgment the plaintiff excepted and gave notice of appeal, and the case is here for our revision.

From the foregoing statement of the case, including the facts as we adduce them from the record and from the agreement of the parties, it is apparent that there is but one material question presented for our decision, and that is, did the contract of sale made in 1883, between the State, acting by its accredited agent, and Archie Middleton, effect an appropriation of those sections by said Middleton, and thereby segregate them from the public domain? If so, the appellant's title to section 52 is paramount, and he must recover against appellee.

It is urged by appellee that, until the entire purchase money was paid by Middleton, under his contract for the purchase of these sections, they were still a portion of the school lands, and there could be no appropriation of the land by Middleton, and in support of this proposition, appellee cites Snyder v. Nunn, 66 Texas, 255; but that decision, in our opinion, is not in point. That case decides that one claiming as pur-

chaser of public land, as against an occupant of the land, must show that he had, by compliance with the terms of the statute, acquired a right to the land prior to the accrual of his adversary's claim of title. The plaintiff Snyder sued Nunn to recover a section of school land. The petition alleged that plaintiff entered upon the lands under the Act of 1881, with the intention to purchase as soon as the lands were placed upon the market, and made valuable improvements thereon of the value of $1000; and that, in pursuance of his purpose, on the 5th of April, 1882, he made application to the surveyor of the proper district to purchase the land, but could not do so, because the appraisement of the land had not been approved by the General Land Office; and that, on the 8th day of August, 1883, he applied to the Commissioner of the Land Office to purchase the land, filing with his application the affidavits of himself and two others; that prior to April 6, 1881, he made permanent and valuable improvements upon the land. He paid one year's interest and the first installment due upon the land, but the appraisement had never been approved by the General Land Office. The petition was excepted to, and the trial court sustained the exceptions, both general and special; and upon appeal to the Supreme Court the judgment was affirmed.

The law of 1881 was repealed by the Act of April 12, 1883, but saved the rights of settlers in good faith under the Act of 1881, upon lands which had been appraised by the surveyor, which appraisement had been appropriated by the Commissioners Court and filed in the Land Office, but the lands had not been placed upon the market under the appraisement. The decision of the Supreme Court is to the effect that the petitition was bad, and showed no right of plaintiff to the land, because the foundation of plaintiff's claim to the land was that he was, at the time of his application, and was also on the 1st day of January, 1883, a settler in good faith, and neither the affidavit of the appellant nor the affidavits of his witnesses averred that the petitioner was a settler in good faith upon the land on January 1, 1883, or at the time of making the application to purchase; that the existence of these facts were indispensable to sustain plaintiff's claim to the land, and that the proof of such facts could be made only in the mode prescribed by the statute, and that, not having complied with the terms of the statute, the plaintiff had laid no foundation for title, and could neither demand of the State nor recover against an occupant of the land.

This decision, it seems conclusively to us, has no bearing upon the question involved in this appeal. There is no question but what the law was fully complied with by both the Commissioner of the General Land Office and Middleton in the sale made to the latter, and when he gave his obligation to pay the price fixed upon the land by the Commissioner, and otherwise to perform the conditions of the sale, he acquired such a title to the land as gave him the immediate right of occupancy, and the right to sell, subject to the right of the State to forfeit his title, for nonperformance of the terms and conditions of the sale,

o

and the right to demand a patent from the State, upon full compliance with the terms and conditions of the sale by himself or his vendee, and such title was an appropriation of the land by Middleton, and segregated it from the public domain. These views, we think, are in conformity to those expressed in White v. Martin, 66 Texas, 340.

After due consideration of this case, we are constrained to hold that appellant's title to the land in controversy should prevail over that of appellee; and the judgment of the lower court is therefore reversed, and judgment is here rendered for the appellant.

*Reversed and rendered.*