## GATEWOOD v. GRAVES.    (No. 9863.)

(Court of Civil Appeals of Texas.    Fort
Worth.    April 1, 1922.)

1. **Trespass to try title** ⊗⇒32—**Plaintiff cannot
rely on formal plea of title where he also
sets out facts constituting title.**

Where, in trespass to try title, plaintiff al-
leges generally his ownership of the land but
also proceeds to set out the facts constituting
his title, he is limited to such facts, and cannot
rely on his formal plea of trespass to try title.

2. **Trespass to try title** ⊗⇒33—**Whether facts
pleaded constitute title may be determined
on exceptions.**

Where, in trespass to try title, plaintiff
pleads his title, it is proper for the court to
determine on . exceptions whether the facts
pleaded constitute title.

3. **Frauds, statute of** ⊗⇒63(2)—**Assignment of
oil and gas lease is within statute.**

The assignment of an oil and gas lease is
not a mere license but is within Vernon's
Sayles' Ann. Civ. St. 1914, art. 3965, subd. 4.

4. **Specific performance** ⊗⇒39—**Contract to as-
sign oil and gas lease not enforceable, unless
statute of frauds complied with.**

A contract to assign an oil and gas lease
is within the state, and a suit for specific
performance is not sustainable, unless the
promise or agreement is in writing and signed
as required by Vernon's Sayles' Ann. Civ. St.
1914, art. 3965, subd. 4.

5. **Specific performance** ⊗⇒28(1)—**Memoran-
dum should be definite and certain within
itself or by reference to other writings.**

The memorandum required by Vernon's
Sayles' Ann. Civ. St. 1914, art. 3965, subd. 4,
should be so reasonably definite and certain
within itself or by reference to other writings
referred ·to as to parties, consideration, and
subject-matter that specific performance can
be ·enforced without resort to parol testimony.

6. **Frauds, statute of** ⊗⇒118(4)—**Letters and
telegrams held not to sufficiently describe
land.**

Telegrams and a letter evidencing a con-
tract to assign an oil and gas lease on the east
20 acres of the south 51 acres of the north 102
acres of a certain survey, but which described
the land only as "20-acre lease, 1,000 feet
west Graham well" and referred to no other
writings furnishing means for identification,
*held* insufficient, under Vernon's Sayles' Ann.
Civ. St. 1914, art. 3965, subd. 4.

7. **Frauds, statute of** ⊗⇒118(4)—**Telegrams
and letters evidencing contract intended to
cover specific 20 acres not upheld as convey-
ing undivided interest in larger tract.**

Where telegrams and a letter were intend-
ed to evidence a contract for the assignment ·of
an oil and gas lease on 20 acres, out of a larger
tract of 51 acres, but did not sufficiently de-
scribe the 20 acres, the contract cannot be
upheld as one for the conveyance of an un-
divided interest in the larger tract.

Appeal from District Court, Young Coun-
ty; H. F. Weldon, Judge.

Suit by Elmer Gatewood against J. N.
Graves. From a judgment for defendant on
demurrer, plaintiff appeals. Affirmed.

Gross, Gross & Zivley, and Penix, Miller,
Perkins & Dean, all of Mineral Wells, for
appellant.

Marshall & King, of Graham, Burford,
Miley, Hoffman & Burford, of Oklahoma
City, Okl., for appellee.

BUCK, J.   In this cause, plaintiff, appellant
here, filed   suit against defendant in one count
in form of trespass to try title, and then spe-
cially pleaded a contract by defendant to
execute. to him an assignment of a certain
oil and gas lease on the following described
20 acres of land in Young county:

"The east twenty (20) acres of the south
fifty-one (51) acres of the north one hundred
and two (102) acres of the James Bolton sur-
vey in Young county, Texas, abstract No. 12,
certificate 1026, located about 1,000 feet west
of the Graham Syndicate well, known as the
Graham well, or Graham oil well."

Plaintiff relied, in his special plea, on cer-
tain telegrams and letters passed between
him and defendant, and pleaded them. The
trial court sustained defendant's general de-
murrer, and plaintiff has appealed. Plaintiff
alleged that, on September 26, 1920, he sent
from Mineral Wells, Tex., to J. N. Graves
at Oklahoma City, Okl., the following tele-
gram:

"Confirming phone, we will take 20-acre
lease, 1,000 feet west Graham well at 5,000
cash and 10,000 out of half first oil."

That Graves answered by telegram as fol-
lows:

"Telegram received and satisfactory provid-
ed deal can be closed in few days mailed you
abstract special delivery care Crazy Hotel stop
you prepare papers me to sign and forward
here first mail for my approval and signature."

That the abstract mentioned in this tele-
gram showed title, after certain objections
had been removed at the expense of plaintiff,
in defendant to the lease in the said 20 acres
and other lands. That, in reply, plaintiff
sent another telegram to the defendant, tell-
ing him that he did not have the description
of the said 20 acres by metes and bounds.
Defendant answered by telegram as follows, ·
omitting date, address, and signature:

"Mail me assignment I can give metes and
bounds. Answer."

That, complying with said last-mentioned
telegram, plaintiff had prepared an assign-
ment describing the 20 acres and mailed
same as soon as possible to defendant. That
soon thereafter defendant presented plain-

tiff with an assignment for the 20 acres aforesaid, which had been prepared by himself or under his direction, that is, submitted same to plaintiff for his approval, as to form, description, etc. Plaintiff further alleged that he received from the defendant the abstract mentioned in the telegram aforesaid, accompanied by a letter from the defendant which stated, in substance:

"Enclosed find abstract covering 51 acres out of the James Bolton survey. This abstract belongs to Mr. John M. Noble, of this city, and after you have had it examined, return it to me. When the deal is consummated I will deliver you another abstract."

That, upon the receipt of said letter and abstract, the abstract was delivered to plaintiff's attorneys for examination, the same was a very large abstract and was examined by his attorneys as expeditiously as possible and was found to be incomplete and failed to show good title to said lease and property in defendant. That an opinion in writing to that effect was furnished plaintiff, pointing out said objections, whereupon plaintiff undertook, at considerable expense and with the agreement of defendant, to have the title perfected and that, within a few days and within the contemplation of the contract entered into between plaintiff and defendant, so corrected and cured same that it then showed in defendant a title to said lease, which was acceptable to plaintiff. That thereupon defendant refused to close said deal and execute and deliver the assignment of lease.

Plaintiff sued first for the specific performance of the alleged contract to assign the lease on the 20 acres above described. Second, if the court should hold that he was not entitled to specific performance of the particular 20 acres, he prayed a 20-acre interest in the lease owned by the defendant, covering such part of the 51 acres of the James Bolton survey as defendant owned at that time. Third, he prayed for damages in the sum of $45,000.

[1] Where, in trespass to try title, plaintiff alleges generally his ownership of the land but proceeds to set out the facts constituting his title, he is limited to such facts in order to establish his title, and cannot rely on his formal plea of trespass to try title. In Hughes v. Lane, 6 Tex. 289, Chief Justice Hemphill said:

"In this species of action, it was not necessary to have averred the evidences of the plaintiff's title; but if these be alleged, the substantial elements of the title must be stated; and none is more essential than the recommendation or the re-establishment of the certificate."

In Snyder v. Nunn, 66 Tex. 255, 18 S. W. 340, Chief Justice Willie, speaking for the Supreme Court, said:

"The court below sustained both the general demurrer and the special exceptions, and the plaintiff declining to amend, the cause was dismissed. From the judgment dismissing the cause, an appeal is taken to this court. It is urged by the appellant that the general demurrer should not have been sustained, because the first and second counts of his petition set forth a good cause of action, and that the suit should not have been dismissed after the special exceptions were sustained, because they applied to the third count only; and, even if that was stricken out, a good cause of action, as set forth in the first and second counts, still remained. It is true that a general allegation of ownership in the plaintiff is sufficient in a petition for the recovery of land; but if the plaintiff goes further and sets up his title, and his allegations show that it is not a good one, a general demurrer to the petition should be sustained. Hughes v. Lane, 6 Tex. 294. The plaintiff, in making out his case, is confined to the facts alleged, and, if they give him no right to the land, it is useless to sustain them by evidence. Hob. Tex. Land Law, § 45."

[2] When, in trespass to try title, the plaintiff pleads his title, it is proper for the court to determine on exceptions whether the facts pleaded constitute title. McDonald v. Red River County Bank, 74 Tex. 539, 12 S. W. 235. See, also, National Lumber & Creosoting Co. v. Maris (Tex. Civ. App.) 151 S. W. 325, writ refused. Where plaintiff pleads her title specially, she abandons her plea in trespass to try title. Hensley v. Pena (Tex. Civ. App.) 200 S. W. 427.

Under the assignment alleging error in the trial court for sustaining the general demurrer of the defendant, in spite of the fact that plaintiff's petition contained a count setting up a formal plea of trespass to try title, appellant cites the cases of Staples v. Llano County, 9 Tex. Civ. App. 201, 28 S. W. 569; Bonner v. Moore, 3 Tex. Civ. App. 416, 22 S. W. 272; Northwestern Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185; Ohio Cultivator Co. v. People's Nat. Bank, 22 Tex. Civ. App. 643, 55 S. W. 765; Cleghon v. Barstow Irr. Co., 41 Tex. Civ. App. 531, 93 S. W. 1020; Gulf, etc., Ry. Co. v. Montier, 61 Tex. 122. The first cited case referred to is National Lumber and Creosoting Co. v. Maris, supra, and is held not in point, because the action therein pleaded is not one in trespass to try title. We do not find that any of the cases cited by appellant under this assignment are cases involving an action of trespass to try title, and we think that all of these cases are easily distinguishable from the instant case. It is true that, generally speaking, a petition containing several counts is not subject to a general demurrer because one count is bad. But, in a suit of trespass to try title, where plaintiff pleads in one count the specific facts upon which he relies, and such facts, if proven, do not show that he has a right to recover, as held in Snyder v. Nunn, supra, it is use-

less to proceed with the trial, where the facts alleged do not sustain plaintiff's action.

[3, 4] The assignment of an oil and gas lease is generally held to be within the statute of frauds and is not a mere license. A contract to assign is also within the statute. Priddy v. Green (Tex. Civ. App.) 220 S. W. 243, and authorities cited in Oil & Gas Rights, Morrison De Soto, c. 35, p. 149. A suit for specific performance in this case is not sustainable, unless the promise or agreement upon which such action is brought, or some memorandum thereof, shall be in writing and signed by the party sought to be charged, or by some person thereunto lawfully authorized. Article 3965, subd. 4, V. S. Tex. Civ. Statutes. In Johnson v. Granger, 51 Tex. 42, it is said:

"The object of the statute requiring the sale of lands to be evidenced by an agreement or some memorandum thereof in writing being (as the name of that of 29 Car. II, from which ours is partly taken, denotes) 'for the prevention of frauds and perjuries,' this memorandum should be so reasonably definite and certain within itself, or by other writing referred to, that the contract can be made out, as to parties, consideration, and subject-matter, without a resort to parol evidence."

[5] The memorandum required by article 3965, supra, and subdivision 4 thereof, should be so reasonably definite and certain within itself or by reference to other writing referred to, as to parties, consideration, and subject-matter, that specific performance can be enforced without resort to parol testimony. Latham v. Kistler (Tex. Civ. App.) 235 S. W. 938, and cases there cited; Jones v. Carver, 59 Tex. 293; Penn v. Texas Yellow Pine Lumber Co., 35 Tex. Civ. App. 181, 79 S. W. 842; Rosen v. Phelps (Tex. Civ. App.) 160 S. W. 104, writ refused. In the last-cited case this court said:

"In brief, the authorities establish the rule that, for a contract to be sufficient within the statute of frauds, it must describe, or furnish the means of describing, with reasonable certainty the land constituting the subject-matter of the contract, so that it may be identified without resort to matters purely in parol."

See, also, Cusenbary v. Latimer, 28 Tex. Civ. App. 217, 67 S. W. 187, writ refused.

[6] There is nothing in the writings, consisting of telegrams and a letter from the defendant, which in any way describes the land in controversy with any degree of certainty so that it could be identified, nor do the writings refer to any other writings furnishing the means for identification. It is true that the authorities hold, as in Stroburg v. Walsh (Tex. Civ. App.) 203 S. W. 391, that oral testimony, while inadmissible to supply a total want of description of land contracted for, is admissible to make more certain an imperfect description in the contract; that is to identify the subject-matter, where the contract furnishes the key to such identification. But in all of these cases it was shown that the defendant owned a piece of land of the general description given in the writing, and owned no other land in the near vicinity, or whose description might, with equal reasonableness, be held to fulfill the imperfect description given in the writing, or there were some circumstances connected with the description that furnished the key to such identification. We do not find that, in the instant case, such facts existed.

[7] Nor do we think that plaintiff was entitled, under his petition, to be awarded a 20-acre interest out of the tract of land alleged to be owned by the defendant, included in the 51 acres out of the James Bolton survey. There are some authorities holding that, where in a deed the land conveyed is described as a certain number of acres "on," "in," "out of," "to be taken from," or "part of" a larger tract, which is described or identified with sufficient certainty by the conveyance, but does not indicate by attempted description or otherwise that the smaller acreage is any specific part of the larger tract, the conveyance will be construed as one of an undivided interest in the larger tract, represented by a fraction whose denominator is the number of acres in the larger tract and whose numerator is the number of acres conveyed. This is a rule of construction, and, like all such rules, that is subject or subordinate to the cardinal rule that an instrument must be so construed as to give effect, where possible, to the intention of the parties. So that, if it appear that it was not the intention to convey an undivided interest in the larger tract but to convey some specific tract, less than the whole of the larger tract, the deed will not be construed as conveying an undivided interest in the larger tract, and, if the specific smaller tract is not described with sufficient certainty to identify it, the deed will be held void or ineffective for uncertainty of description.

In Hodge v. Bennett, 78 Miss. 868, 29 South. 766, 84 Am. St. Rep. 652, the court states the rule in the following language:

"If the grantor, intending to convey a specific tract, precisely described by metes and bounds, such specific tract being part of a larger tract of land, puts in the conveyance such a description of the specific tract as is ineffectual to convey that particular tract, because of a patent ambiguity, the grantee takes nothing; for the obvious reason that, in such case, the intention was to convey this specific tract so definitely marked out, and nothing else, and the the deed, failing as to that, fails altogether. But if a grantor intending to convey, not a specific tract of land particularly described, but to convey a certain quantity or number of acres of land out of a larger quantity or larger number of acres of land, makes a deed to such quantity or number of acres out of a larger quantity or number of acres of land, the

grantee does take an undivided interest in the whole land as tenant in common with the grantor, and his interest is measured by the proportion which the number of acres conveyed to him bears to the whole number of acres in the tract; and this interest he may have set apart to him in severalty by proper partition proceedings."

In Morris v. Baird, 72 W. Va. 1, 78 S. E. 371, Ann. Cas. 1915A, 1273, it is said:

"The authorities seem almost unanimous in holding that a deed which conveys part of a larger tract, but which does not locate the part conveyed should be construed as conveying an undivided interest in the larger tract, distinguishing deeds of that class from those which attempt to describe a specific portion, designating the number of acres, and as a part of the larger tract, but the calls of which do not describe the tract intended to be conveyed, and held void for uncertainty."

In Waterhouse v. Gallup (Tex. Civ. App.) 178 S. W. 773, application of both parties refused by the Supreme Court, the description of the land was:

" 'The aforesaid 2,030 acres of land lying and being situated in Angelina county, Tex., it being a part of the B. X. Mudd survey and to be taken from the three tracts of land on said survey, which said three tracts of land were conveyed by B. X. Mudd, to John Worden on 20th day of January, A. D. 1840, and by said Worden conveyed to Richard Waterhouse, Jr., on the 24th day of June, A. D. 1867, the said three tracts are described in the deeds referred to as follows: * * *' It will be observed that the sale was not of a tract of land containing a certain number of acres, but of a stated number of acres on the Mudd League. If a person owning a large tract of land, the location and boundaries of which are known and defined, conveys to another a certain number of acres on or out of such larger tract, without further describing or identifying the land sold, we think the deed should be held to convey an undivided interest in the larger tract, proportionate to the acreage conveyed and that contained in the larger tract. If not so construed, nothing would pass by such a deed, and, when a deed or contract is reasonably susceptible of a construction which would make it valid and binding, that construction should be given it rather than one which would render it void. We think the conveyance in this case is distinguishable from that construed in the cases of Dull v. Blum, 68 Tex. 299, 4 S. W. 489, and Hanrick v. Gurley, 93 Tex. 470, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330. The deed in each of these cases, when construed as a whole, clearly shows that it was not the intention of the grantor to convey an undivided interest in the tract of land described in the deed, but, a specific tract to be selected by the grantee out of said larger tract described in the deed."

See, also, Gray v. Producers' Oil Co. (Tex. Civ. App.) 227 S. W. 240, emphasizing the fundamental rule to be observed in the construction of a written instrument, as an instrument of conveyance, that the intention of the maker, as shown by the language, was to give effect to every part of the writing, if possible without violence to the manifest intention evidenced by the instrument as a whole. See Penney v. Booth (Tex. Civ. App.) 220 S. W. 430, writ refused.

We conclude that all assignments should be overruled, and the judgment of the trial court affirmed, and it is so ordered.

---

�kö For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 24, 1922.