**MERCER et ux. v. RUBEY.**

**No. 13577.**

Court of Civil Appeals of Texas. Fort Worth.

July 9, 1937.

Rehearing Denied Sept. 17, 1937.

Wise county against A. C. Rubey, Jr., who in turn filed a general demurrer, several exceptions, and special answers. The court sustained the general demurrer and special exceptions, and the Mercers have appealed.

Appellants filed a statutory suit in trespass to try title to a certain 80 acres of land in Wise county, against the appellee, and in their petition, in addition to their allegations in trespass to try title, pleaded a cloud was cast upon their title by virtue of a judgment in favor of appellee by a district court of Dallas county, in which a foreclosure of a deed of trust lien was had, which judgment was alleged to be recorded in the deed records of Wise county. Allegations were made that the judgment by the Dallas county court was void, because (a) of fraud practiced by counsel for appellee in procuring the judgment at a time when an appeal from an injunction proceeding from Wise county, growing out of a suit involving the subject matter, was pending in this court; (b) because the debt sued on was usurious; and (c) because the lien therein foreclosed was one attempted to be created against appellants' homestead. To appellants' petition was attached a certified copy of the judgment of the Dallas court, which, on its face, is in all respects regular.

Appellants' petition shows that the suit in Dallas county was instituted for debt and to foreclose an asserted lien securing same, and that both appellants were duly cited in the manner and for the length of time required by law, and that they had good reason to believe, and did believe, counsel for appellee would not attempt to take judgment against them while an appeal was pending in the Court of Civil Appeals, from an injunction proceeding from Wise county; they alleged that, if they had known appellee would ask for judgment under such conditions, they would have amended their pleadings and pleaded the invalidity of the lien sought to be foreclosed. The judgment of the Dallas court, a copy of which was attached to appellants' petition, shows that they answered in said court but made no further appearance. Prayer by appellants was for title and possession of the land and a decree removing the cloud from the title by virtue of the judgment, foreclosure, and recordation in Wise county.

Appellants frankly admit their difficulty in presenting to this court assignments of error necessary to get the issues before us, and have offered seven assignments, all of

A. B. Cates, of Decatur, for appellants.
Medona Bonner, of Dallas, for appellee.

SPEER, Justice.

D. E. Mercer and wife, Maude Mercer, instituted this suit in the district court of

which are covered by the following propositions urged in the brief:

(1.) The court erred in sustaining appellee's general demurrer, because this was a suit in trespass to try title, and the petition embraced all of the statutory requisites, to which no demurrer would lie.

(2.) The court erred in finding appellants' action was one to set aside the judgment of the district court of Dallas county, and that such judgment could not be collaterally attacked in the district court of Wise county.

(3.) The court erred in refusing to hear evidence tending to show the judgment of the Dallas county district court, in which a lien was foreclosed on appellants' land, was void, and subject to collateral attack, since the lien so foreclosed was attempted to be given on appellants' homestead.

In support of their contention that a demurrer should not be sustained when they had pleaded in trespass to try title, appellants cite us to the case of Clarke v. A. B. Frank & Co. (Tex.Civ.App.) 168 S.W. 492, in which case a writ of error was refused. There is a marked distinction between the rule there announced and that contended for here by appellants; it is plainly announced in that case that plaintiff did not plead its title in connection with its action of trespass to try title; and, while the pleadings referred to by the court indicate that persons other than those involved in the suit before the court had procured a judgment and foreclosure in another county, the court held that the action was not one to cancel a judgment rendered in another county and therefore was not a collateral attack on such judgment.

In the case before us, plaintiffs specifically pleaded a judgment by the Dallas district court as being the impediment in the way of their title and pleaded as if laying the predicate for the introduction of testimony to show its invalidity. Prayer was for the removal of the cloud from the title. We think there is no escape from the fact that such allegations constituted a collateral attack on the Dallas county judgment.

As above shown, when appellee instituted his suit in Dallas county, appellants filed a suit in Wise county to cancel the debt and lien involved in appellee's suit, the issues being determined against appellants. He appealed to this court, and we held that the Dallas court had acquired jurisdiction of the parties and the subject matter and that the restraining order against the prosecution of the Dallas court case was properly dissolved. Mercer v. Bonner Co. (Tex.Civ.App.) 73 S.W.(2d) 988. The record then before us did not indicate that the judgment of the court, dissolving the restraining order appealed from, contained a provision keeping it in effect pending appeal; hence appellants could not justly assume that appellee would not prosecute his suit to judgment in Dallas county. There is nothing to indicate that appellee was guilty of deception or fraud in the matter.

It is unnecessary for us to determine whether or not appellants' proposition is correct when they assert that no demurrer will lie to a petition in trespass to try title when all the statutory requisites are set out, since that matter is not presented here. Appellants' petition does embrace the necessary allegations in trespass to try title, and a great deal more; the petition pleaded the judgment of the Dallas court as casting a cloud on their title and they sought to have it removed; it was impossible for the court to comply with this prayer without passing on the validity of that judgment and to grant the relief sought without setting it aside. Such additional allegations which go to make up a litigant's right to relief and to give him title and possession under trespass to try title constitute the life of his lawsuit. The sufficiency of these allegations may be tested by demurrers, and, when thus weighed and "found wanting," the action must fall unless amendments are filed to cure the deficiencies.

In Herndon v. Hayter (Tex.Civ.App.) 28 S.W.(2d) 885, 886 (writ refused), the court considered the question here involved. Plaintiff below brought a suit in trespass to try title, and in addition pleaded the grounds upon which he sought a recovery, as was done in the case at bar. The defendant urged a general demurrer and it was overruled; the action was assigned as error; the court said: "The only assignment of error which need be considered is that complaining of the overruling of a general demurrer to the petition. The plaintiff pleaded specially the facts upon which recovery was sought. In such case the sufficiency of the facts pleaded to state a cause of action may be tested by demurrer and the allegations of the statutory action of trespass to try title contained in the petition may be disregarded in determining the sufficiency of such petition. Snyder v.

Nunn, 66 Tex. 255, 18 S.W. 340; McDonald v. Red River County Bank, 74 Tex. 539, 12 S.W. 235; National Lumber & Creosoting Co. v. Maris (Tex.Civ.App.) 151 S.W. 325; Gatewood v. Graves (Tex.Civ.App.) 241 S.W. 264."

The judgment of the district court of Dallas county, as pleaded by appellants, created a serious cloud upon their title, but the district court of Wise county was powerless to remove it. It is only upon the theory that the lien foreclosed in that judgment was void, on account of being against appellants' homestead, that they claim the Wise county court could give them any relief.

The judgment attacked by appellants is regular upon its face; it was rendered by a district court of general jurisdiction in such matters; all of the parties are shown to have been before the court under proper process, and that appellants answered, but that they made no further appearance.

■ The contention of appellants that because the lien foreclosed was against their homestead and consequently void, it rendered the judgment of foreclosure void and subject to attack in the Wise county forum, is in conflict with the rule laid down by our Supreme Court in Crawford v. McDonald, 88 Tex. 626, 632, 33 S.W. 325, 328, where it is said: "There is, however, another rule of law, equally well settled upon principles of public policy, which precludes inquiry by evidence aliunde the record, in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically, the judgment is, in fact, void, but on grounds of public policy the courts, in order to protect property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore, for all practical purposes, in such collateral attack, the judgment is held valid."

■ We also think there is another perfectly good reason why such rights as appellee has, by virtue of the Dallas county judgment, cannot be affected by the action instituted by appellants in the Wise county district court; there is a well-settled rule of law to the effect that, where a court has acquired jurisdiction of the parties and subject matter in litigation its judgment, when not set aside or appealed from, becomes final on all issues there raised, as well as those which either party could have properly presented to the court. The appellants answered in the Dallas court case but did not plead the defenses to appellee's alleged debt and lien they now offer to avoid the effect of the Dallas court judgment. They recognize their right to have pleaded in that court the invalidity of the lien and debt, for they say, if they had known appellee would ask for judgment when he did, they would have amended their answer there and set up these matters. No legal excuse is shown why they did not make their defense there, and we think the Dallas district court finally adjudicated the rights of the parties asserted in this case. Foster v. Wells, 4 Tex. 101, 104; Nichols v. Dibrell, 61 Tex. 539, 541; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79; Moore v. Snowball, 98 Tex. 16, 24, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1070.

In Cleveland v. Ward, supra, suit had been instituted in Johnson county to cancel certain notes and liens, and thereafter action was filed in Dallas county to recover thereon, and the Johnson county court was enjoined from further consideration of the case there. In so far as applicable to the question before us, the Supreme Court said:

"It is true the Johnson county suit is for the cancellation of the instruments involved, while the Dallas county case is for recovery on them. However, such defenses as the defendants in the Johnson county case have to the suit for cancellation, they may there assert. They must there assert the validity of the notes and deed of trust involved or be barred.

"The rule that a valid judgment for plaintiff is conclusive, not only as to defenses which were set up and adjudicated, but as to those which might have been

raised inconsistent with the facts necessary to sustain the judgment, is one of universal acceptation." See cases there cited.

 Appellants' petition frankly states the several stages of the controversy between the parties since appellee filed its suit in the Dallas county court; that, while that suit was pending, to which appellants have answered, they filed a suit in Wise county seeking to cancel the deeds of trust upon the ground that they were given against appellants' homestead and therefore void; that a restraining order was issued in the Wise county case against appellee prosecuting his suit in Dallas county; that the trial court, on motion, dissolved the injunction, from which order appeal was taken to this court, and that the judgment was here affirmed; that, after the dissolution of the restraining order in the Wise county case and before the appeal was disposed of by this court, the appellee procured judgment in the Dallas case for the amount of the debt and a foreclosure of the deed of trust lien; that the appellee had caused that judgment to be recorded in the deed records of Wise county; and that, because of said judgment and the lien asserted therein, a cloud had been cast upon their title which they asked the Wise county court to remove. This relief could not be had in that court without extrinsic evidence to show the Dallas county judgment was void. Such procedure would clearly be a collateral attack on the judgment which, as we have seen by appellants' petition, was regular on its face. Such an attack could not be had under all the well-defined rules of law in this state. It was said in Robins v. Sandford et al. (Tex. Com.App.) 29 S.W.(2d) 969, 970: "The doctrine is thoroughly settled in this state that the judgment of a court of record, which recites the necessary jurisdictional facts, is not subject to collateral attack, but can only be assailed by a direct proceeding in the court in which it was rendered." Many cases are there cited to which we also refer.

All these facts being disclosed by appellants' pleadings, the general demurrer was properly sustained. Complaint is made that the court sustained certain special exceptions also, but this becomes immaterial, since when a general demurrer is properly sustained there is nothing left to be determined by special exceptions.

33 Tex.Jur. p. 595, § 152; Western Metal Mfg. Co. v. Cameron County Water Imp. Dist. (Tex.Civ.App.) 105 S.W.(2d) 700.

Under the above rule it was improper for the court to hear extrinsic evidence, the effect of which was to contradict and attack the validity of the Dallas county judgment. We also think the facts pleaded and relied upon by appellants, to show the Dallas county judgment void, were proper defensive matters for appellants to have shown in the Dallas county case, and were therefore adjudicated by that court.

We find no error in the action of the trial court, and the judgment is affirmed.