**GANN et ux. v. PUTMAN et al.**

**No. 3933.**

Court of Civil Appeals of Texas. El Paso.

April 4, 1940.

Rehearing Denied May 30, 1940.

S. D. Hopkins, of Corpus Christi, for appellants.

Raymond Edwards and Lewis M. Welsh, both of San Antonio, and Keys & Holt, Oscar Spitz, I. W. Keys, Mobley, Roberts & Lockett, Boone, Henderson, Boone & Davis, John C. North, Kleberg, Eckhardt & Lowe, Allen V. Davis, and Russell Savage, all of Corpus Christi, for appellees.

PRICE, Chief Justice.

This suit was instituted by plaintiffs in one of the District Courts exercising jurisdiction in Nueces County, to-wit, the 28th Judicial District. Plaintiffs sought to recover of defendants the title and possession of a tract of land situated in or near the City of Corpus Christi. Defendants each interposed a general exception and several special exceptions to the sufficiency of the trial petition of plaintiffs. These exceptions were sustained, and, plaintiffs declining to amend, the court entered final judgment against plaintiffs. From this judgment appeal was duly perfected.

The parties will be here designated as they were in the trial court.

The trial petition is of great length with several long exhibits attached thereto, and hence only the vital parts thereof will be set forth.

Plaintiffs, in what they evidently intended as a first count, set up appropriate and sufficient allegations for the statutory action of trespass to try title. Incorporated in this count also were allegations that plaintiffs were husband and wife and were such at all relevant times, and the property involved is and was at all such relevant times their homestead. Ejectment is alleged to have been committed by defendant F. D. Heim on July 14, 1935. It is alleged that the other defendants, including Heim, as trustee, were claiming some interest in the land, the exact nature and extent of which was unknown to plaintiffs; that they were made defendants to the end that they might set up their claims, the validity thereof being denied by plaintiffs. The prayer is as follows: "Accordingly Plaintiffs pray: That each defendant be cited to appear and answer this Second Amended Original Petition; that they have judgment for the title and possession of all of the above described real estate; that plaintiffs have their Writ of Possession for the above described property and premises; that they have judgment for the rental, use and enjoyment of said property and premises; that the rights, claims and interests, if any, of each or all of the defendants be fixed, established and determined, but that the rights and interests of these plaintiffs be adjudged and declared to be superior to any right or interest claimed by all, or either, of said defendants; that plaintiffs have their costs and plaintiffs further pray for any and all such other and further relief, general or special, that they may be justly entitled to."

The next paragraph, which is unnumbered, commences as follows: "And for further cause of action these plaintiffs would show to the Court that on said date; July 14, A. D. 1935, * * *."

July 14, 1935, is the date of ejectment previously alleged in what plaintiffs considered their first count. Then follow allegations in great detail as to a judgment theretofore entered in the District Court for Nueces County, 117th Judicial District; that said judgment was entered in cause No. 13,405—B in a case styled Kathleen Hocker et vir. v. Lloyds America et al. It is alleged that said suit was started by plaintiffs there to recover on a fire in-

surance policy for destruction of improvements on the property in question here; that plaintiffs there held a purported deed of trust on the property executed by plaintiffs here and purporting to secure to plaintiffs there the principal sum of $5,000; that thereafter defendant Lloyds America, in its answer to the suit aforesaid, sought to be subrogated to the alleged lien of plaintiffs there; the filing of a supplemental petition by plaintiffs there, wherein judgment of foreclosure of the deed of trust lien against plaintiffs here on the property in question here was sought; the rendition of a ·judgment in the cause adjudging recovery by the plaintiffs there of $5,575 against Lloyds America; adjudging in favor of plaintiffs there against plaintiffs here a foreclosure of the deed of trust lien on the property in question here in the sum of something over $7,000. Further, that there was a provision in the judgment that up to the amount recovered there against Lloyds America, it should be subrogated to the lien of plaintiffs there against plaintiffs here. Further, that order of sale issued on such purported judgment commanding the sale of the property in question here for the satisfaction of the ·deed of trust lien of plaintiffs there. A purported sale is averred under such process and a purchase thereunder by F. D. Heim, trustee. A copy of the judgment is attached to plaintiffs' petition, such copy reciting the appearances of plaintiffs here. A copy of the order of sale, together with the sheriff's return thereon is also attached to the petition of plaintiffs. The judgment there is here assailed as being void for many reasons. Among others, that plaintiffs here were never cited to appear therein, never appeared therein, never authorized anyone to appear therein for them—in short, plaintiffs deny any personal jurisdiction over them, or either of them. Plaintiffs conceded in their petition that an attorney filed a pleading in the cause and purported to represent them, but deny authorizing him to so do, or any ratification of his so doing. The execution of a purported acceptance of service of plaintiffs here in the cause there was denied under oath by each of the plaintiffs here.

The property is averred to have been the homestead of plaintiffs at the time of the giving of the deed of trust involved in said suit, and if so, the allegations are sufficient to show that same was void. To summarize, the allegations, given a liberal construction, state a valid defense to ·the

foreclosure on the property in question had same been urged on the trial in the 117th District. The petition concludes as follows: "Accordingly plaintiffs did in open Court ask for, and the Court did grant, leave to amend his said first amended original petition and the defendants as above set out and named must each and all be cited to appear and answer this pleading and upon trial of this cause plaintiffs pray that the said above mentioned judgment be set aside, the sheriff's sale and sheriff's deed be held void together with all other conveyances and instruments depending thereon be cancelled, set aside and held for naught, and plaintiffs have and recover judgment for the title to and possession of the above described property and premises, together with their writ of possession, damages, costs, and any and all such other and further relief as they may be entitled to under the facts of this case."

It may be helpful in the discussion and consideration of the questions involved in this appeal if a few fundamental legal propositions are stated which have a bearing thereon and relation thereto.

■ Where plaintiffs, seeking to recover title and possession of land, plead particularly the written instruments and other facts constituting the basis and showing the nature of the claim to the property, the question to be determined in disposing of the exceptions is the sufficiency .of the facts particularly averred. Snyder v. Nunn, 66 Tex. 255, 18 S.W. 340; McDonald v. Red River County Bank, 74 Tex. 539, 12 S.W. 235; Meyer v. Paxton, 78 Tex. 196, 14 S.W. 568; Martinez v. Gutierrez, Tex.Com.App., 66 S.W.2d 678; Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744, 745.

The above-stated proposition is formulated from the opinion of Judge Smedley in the case last cited. To support this proposition the authorities cited are likewise taken from that opinion. It might be well to note here, as having a bearing on some of the contentions urged by appellants, that the special exceptions in the case of Sanderson v. Sanderson, supra, were held to be in effect general exceptions.

■ Judge Townes, in discussing the nature of special demurrers, in substance states this proposition: Included in a special demurrer is a general demurrer; a general demurrer only joins issue as to substance of the pleading demurred to, but

a special demurrer joins issue both as to the substance and form, and as to the latter it must point out the defects. Townes' Texas Pleading, 2d Ed., p. 531.

An attack on a domestic judgment in another court of co-ordinate jurisdiction with the court rendering the judgment attacked is a collateral attack. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Empire Gas & Fuel Co. v. Albright, 126 Tex. 485, 87 S.W.2d 1092.

The recitals as to jurisdiction over the person in a judgment assailed by collateral attack are conclusively presumed to be true, and may not be disproven in such an attack. Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Empire Gas & Fuel Co. v. Albright, supra, and authorities there cited.

The case of Bender v. Damon, 72 Tex. 92, 9 S.W. 747, 748, may present a limitation on the proposition last above announced. In that case a judgment of the District Court of Navarro County was assailed in the District Court of Ellis County. The facts in many respects parallel the facts here. Quoting from Chief Justice Stayton's opinion, "Some of the facts which he [plaintiff] alleged to show the invalidity of that judgment, execution, and sale were such as might entitle him, by a proper proceeding, to have had them vacated, but not such as to render them void. The petition, however, went further, and alleged facts which, if true, would render the judgment void. It alleged that the plaintiff was a non-resident of this state; that he never was cited to appear, and did not appear, in person or by attorney, in the proceeding in which the judgment in favor of Johnson and against himself was rendered; and that appellees claim through an execution and sale made under a judgment so rendered. If these accounts be true, the judgment was void, and no one could acquire rights under it." The trial court sustained a general demurrer to plaintiff's petition. The case was reversed and remanded.

We do not believe, aside from mere legal conclusions, the allegations of plaintiffs' second count here show that the judgment attacked is void. It may be that the allegation as to the non-residence of defendants in Bender v. Damon is the fact which differentiates and distinguishes it from the great number of authorities supporting the rule that the record, showing

jurisdiction, on collateral attack, the judgment is invulnerable.

In substance plaintiffs contend here that their petition contained two counts, namely, the first, the stereotyped action of trespass to try title; the second, an action to set aside the judgment and recover the land described in the first count. The position taken is that each of these counts is entirely independent of the other, and the legal sufficiency or insufficiency of one is to be determined without regard to the allegations of the other. Further, that in neither count do plaintiffs specially plead their title. The prayers of the two alleged separate counts have been heretofore copied herein. It is necessary and vital to determine whether the general demurrer may attack the allegations of both of the alleged counts as one unit, or the attack thus made must be several. This is but stating the question posed in another way. Under Rule 4 of the Rules for District and County Courts, plaintiff is given the right to plead his cause of action or causes of action in several different counts. If election is so made, the rule provides as follows: " * * each within itself presenting a combination of facts, specifically amounting to a single cause of action, which, when so drawn, shall be numbered, so that an issue may be formed on each one by the answer." Texas Court Rules, Smoot, p. 349.

Article 2003, R.S.1925, prescribes the requisites of plaintiff's petition. Article 7366, R.S.1925, provides as to the petition in an action in trespass to try title.

It is clear that no cause of action is stated in what, for convenience, is denominated as the second count. The allegations, aside from mere legal conclusions, show that the judgment assailed is at best voidable, and not void. If voidable, it cannot be set aside in this action. Further, if voidable only, it affirmatively shows that plaintiffs are without title sufficient to give them the right to the immediate possession of the property in controversy. Judging this count singly, the allegations as to plaintiffs' present title to the property are destroyed by the allegations as to the judgment and the subsequent proceedings thereunder.

It seems well settled that where, in one count, plaintiff sets up a statutory action in trespass to try title, and in a subsequent count pleads the title specifically, that the specific plea in the subsequent

count limits and qualifies the general count. Snyder v. Nunn, supra; Gatewood v. Graves, Tex.Civ.App., 241 S.W. 264; Morrison et al. v. Cloud, Tex.Civ.App., 13 S.W. 2d 735; Lynch v. First National Bank of Nevada, Tex.Civ.App., 50 S.W.2d 418, writ refused.

In Gatewood v. Graves, supra [241 S.W. 265], it is said: "It is true that, generally speaking, a petition containing several counts is not subject to a general demurrer because one count is bad. But, in a suit of trespass to try title, where plaintiff pleads in one count the specific facts upon which he relies, and such facts, if proven, do not show that he has a right to recover, as held in Snyder v. Nunn, supra, it is useless to proceed with the trial, where the facts alleged do not sustain plaintiff's action."

The case of Mercer v. Rubey, Tex.Civ. App. 108 S.W.2d 677, writ denied, is a case, in some respects, parallel to the case at bar. In that case there was a statutory suit in trespass to try title. In addition to the allegations in trespass to try title, it was pleaded a cloud was cast upon their title by virtue of a judgment in favor of appellee by the District Court of Dallas County. The venue of the action was in Wise County. It was there held the allegations were insufficient to show that the judgment of the Dallas Court was void; hence, the petition was subject to general demurrer. Writ of error was denied in this case by the Supreme Court. It is applicable to several of the propositions urged by appellants here. However, the opinion does not show whether the pleading was by separate counts or otherwise.

Plaintiffs contend here that their averments in the second count as to the judgment in the 117th District Court are not a pleading of title on their part. In support of this position the case of Harper v. Brown, 127 Tex. 631, 95 S.W.2d 1291, is cited. A careful consideration of that case will disclose that two of the plaintiffs did not make the allegations seeking equitable relief, and for this reason the action in sustaining the general demurrer was held error.

The case of Joyner v. Christian, 131 Tex. 274, 113 S.W.2d 1229, might plausibly be urged to an extent to support plaintiffs' contention here. There the additional allegations set forth in plaintiff's petition were prefaced by the express statement it was not the purpose, in adding the same, to abandon the general pleas of title, and same were defensive in their nature.

The second count here cannot be construed as strictly defensive. Facts are set up which are sought to be used as a basis for the action of the court. It is sought to have the judgment of the 117th District Court cancelled and all conveyances based thereon.

If we consider the allegations of the two counts as a whole and concede the truth of the allegations well pleaded, we have the rather anomalous situation that plaintiffs, under count one, have title to the land in controversy; that under count two they have not title to the property in controversy, and same, in this proceeding, cannot be reinvested in them. This situation is contradictory. If the allegations were mingled in the same count, the count could not stand, because it would be inherently repugnant.

Count two, construed in accordance with the facts pleaded, is a plea for the reinvesting of the title in plaintiffs. The facts pleaded fail to disclose a legal right to this reinvestiture.

If the judgment was void, as alleged by the way of conclusion in the second count, its validity could have been assailed under the first count. Here we have not a showing for alternative relief. If the allegations of count two are correct, plaintiff is without title.

■■ We are of the opinion that count two is an attempt to specially plead the title of plaintiffs. This is so because it attempts to plead a present right to reacquire the title. It is insufficient to show that right. On the whole, the petition shows a divestiture of the title which it seeks to invoke.

There is another contention of plaintiffs that must be considered in determining the correctness of the trial court's ruling on the general demurrer. The property involved in this suit is Block 15, of Port Aransas Cliffs Addition to the City of Corpus Christi, and another part of that addition, described as having its beginning point in the east edge of the street known as Ocean Drive, opposite the southeast corner of Block 15 of said addition; thence east to the water's edge of Corpus Christi Bay; thence north with the water's edge of said Bay to a point intersecting the middle line of Scott Street; thence west to the east

edge of Ocean Drive; thence south with the east edge of Ocean Drive to the place of beginning.

In the supplemental petition of plaintiffs in the case in which the judgment of foreclosure was entered, the beginning point of the land is set forth at a point in the east edge of the street known as Ocean Drive, opposite the southeast corner of Lot 15 of said addition. With the substitution of the word "block" for "lot" the descriptions are identical insofar as the metes and bounds description is given. In the judgment assailed the beginning point is described as opposite the southeast corner of Lot 15 of said addition, instead of Block 15. In plaintiffs' trial petition here it clearly appears that the deed of trust covered all of the land described in plaintiffs' petition here. We think, under the undisputed record here, that the land described in the judgment assailed and sold thereunder is the identical land put in controversy by plaintiffs' petition.

 There is no merit in the contention of plaintiffs that because defendants failed to have their exceptions acted on at the term filed that same were waived; likewise there is no merit in the contention that, defendants having answered to the facts, thereafter they were debarred from raising issues of law on pleadings.

We think the general demurrer was properly sustained.

Affirmed.

### On Motion for Rehearing.

In a courteous, though vigorous and forceful, motion for rehearing appellants complain that we failed to pass upon their fifth assignment of error. This assignment is as follows: "The court erred in sustaining the general demurrer and special exceptions because under defendants plea of not guilty plaintiffs were entitled to introduce evidence in rebuttal of defendants claim of a collateral attack on the judgment but said order denies them the right to show from the judgment roll that the judgment in question was not rendered, filed nor entered during the term at which the case was heard and is therefore void."

The assignment is briefed under proposition No. 7.

The statement under the proposition asserts that M. C. Gann was called as a witness for the trial on April 15, 1935; that this was during the March term of court; that the judgment was entered on the 6th day of May, 1935, during the May term; that all parties rested during the March term, and by agreement the cause was carried over to the May term for adjudication; that the judgment was rendered on the 6th day of May, 1935; that the May term was not extended to complete the trial of the cause.

 In verification of the above statement reference is made to Transcript, pages 21 to 22, and 29 to 34. Pages 21 to 22 are a reference to the trial petition of plaintiffs, and in such petition there appears no allegation that the case was tried other than at the May term, as the judgment recites. Referring again to the reference to the Transcript, pages 29 to 34, this is a judgment which is attached to plaintiffs' petition as an exhibit, and by reference incorporated therein. This judgment does not show that the case was tried at the March term, but shows conclusively that the trial was at the May term. Nowhere in the petition is any agreement averred as to carrying the case over from the March term to the May term. These recitals are, we think, as conclusive on collateral attack as are the recitals as to jurisdiction over the person.

The assignment is overruled.

To advert briefly for the second time as to why we think this petition was subject to general demurrer, had plaintiffs' allegations been confined to the statements that they had not been served with citation, had not appeared or authorized anyone to appear for them, under such allegations, we think the judgment would have been prima facie void. Plaintiffs' petition went further than this, it set forth the judgment assailed. This judgment shows plaintiffs did appear. In this fact, we think, lies the distinction between the instant case and the case of Bender v. Damon, cited in the original opinion. It does not there appear what the recitals in the judgment assailed were. There is the same distinction as to the case of Graham v. East Texas Land & Improvement Co., Tex.Civ.App., 50 S.W. 579.

We believe there is no conflict between that case and our holding here. Here, plaintiffs' petition shows the recitals in the judgment assailed; there, it did not.

The motion for rehearing is overruled.