## W. J. McDONALD v. RED RIVER COUNTY BANK AND H. W. LIGHTFOOT.

### No. 2769.

1. **Pleading—Practice.**—When in trespass to try title the plaintiff pleads his title it is proper for the court to determine on exceptions whether the facts pleaded constitute title.

2. **Deed—Certainty.**—When neither the judgment, order of sale, nor sheriff's deed contains a description sufficiently certain of property sold under foreclosure of an attachment lien, the sale is a nullity. The judgment and writ are the only sources of power to the officer who sells, and if these fail to describe the property to be sold under foreclosure of the attachment lien no amendment can be made by inserting in the deed a sufficient description found in the return of the officer endorsed on the writ of attachment.

ERROR from Red River. Tried below before Hon. D. H. Scott.

The opinion states the case.

*H. D. McDonald,* for plaintiff in error.—1. The plaintiff's petition was good on general demurrer and the special exceptions, because the judgment of the justice of the peace therein mentioned as the basis of plaintiff's title, and which was alleged to contain the inaccurate and indefinite description of the lot, was cured and rendered certain by the reference therein made to the constable's return on the writ of attachment sued out in said cause, on the principle that that is certain which can be made certain by a reference. Lindsay v. Jaffray, 55 Texas, 641–42; Davis v. Touchstone, 45 Texas, 490; Farris v. Gilbert, 50 Texas, 350; Huff v. Webb, 64 Texas, 284; Freem. on Judg., secs. 45, 54; Pfeiffer & Co. v. Lindsay, 66 Texas, 123.

2. The defective description in the judgment and order of sale was but an irregularity at most, which could have been and could yet be amended in the Justice Court, and being an amendable irregularity, in a collateral proceeding like this it will be considered as having been amended. Freem. on Judg., secs. 69–74; Freem. on Ex., secs. 63–72; Boggess v. Howard, 40 Texas, 153; Earl v. Thomas, 14 Texas, 583; 6 Wait's Act. and Def., p. 759; Hunt v. Loucks, 38 Cal., 372; Newmark v. Chapman, 53 Cal., 557.

*Maxey, Lightfoot & Denton,* and *Sims & Wright,* for defendants in error.—Where a petition pleads the title of plaintiff specially, and sets out the field notes of all the different links of title, and it is manifest from the face of the petition that the land sued for is not the same land upon which the lien was foreclosed, nor for which the order of sale issued, nor the land actually sold and deeded, a demurrer and exceptions were properly sustained. Meuley v. Zeigler, 23 Texas, 88; Lumber Co. v. Hancock, 70 Texas, 312; Brown v. Chambers, 63 Texas, 131; Norris v.

Hunt, 51 Texas, 615; Wooters v. Arledge, 54 Texas, 396; Mitchell v. Ireland, 54 Texas, 305; Wofford v. McKenna, 23 Texas, 44; Rorer on Jud. Sales, sec. 577; Freem. on Ex., sec. 281.

STAYTON, CHIEF JUSTICE.—This is an action of trespass to try title brought by plaintiff in error, who alleged that he was the owner of a "lot or parcel of land situated in the town of Clarksville, Red River County, Texas, to wit, being twenty-five feet by fifty feet off of lots numbers 1 and 4, in block number 13, according to the plat of said town, fronting twenty-five feet on Walnut Street and running back west 100 feet, the same being the lot alongside and immediately north of a lot of the same size taken off of the south end of said lots 1 and 4."

After these general averments of ownership the petition sets out the facts on which plaintiff claims title, which are:

"1.  That Wood & Lee brought suit against W. S. Thompson in Justice Court on September 15, 1880, in Red River County, and therein sued out an attachment, the return on which showed a levy upon property described as in the petition.

"2.  That judgment was rendered against Thompson and the attachment lien foreclosed, but that in describing the land in the judgment by inadvertence it was only described as ' one certain lot of land situated in the town of Clarksville, Red River County, being twenty-five feet by fifty feet off of lots numbers 1 and 4, in block number 13, according to the plat of said town, making twenty-five feet front on Walnut Street and running back west 100 feet.'

"3.  That an order issued directing the sale of property as described in the judgment, at which Wood & Lee became the purchasers, they receiving a deed containing no other description, and that after this Wood & Lee conveyed to plaintiff by a deed containing no other description, but that afterwards they made to him a deed describing the land as described in the return on the writ of attachment."

There is no averment that the judgment made any reference to the officer's return or that such reference was made at the sale or in any paper subsequently executed.

Plaintiff prayed for a decree reforming and correcting the deeds through which he claims and for a judgment for the land.

Exceptions were filed by the defendant which questioned the sufficiency of the facts stated to confer title on plaintiff.

Plaintiff having pleaded his title, it was proper for the court to determine on exception whether the facts pleaded gave title.

That the judgment rendered by the justice of the peace might have been amended in that court with the proper parties before it is true, but the question in the case is, did the judgment and steps taken under it confer title on the plaintiff?

Neither the judgment, order of sale, nor sheriff's deed described any property so it could be identified.    They all refer to some parts of named lots less than the whole, but to what parts can not be ascertained from any of these proceedings.

It was necessary that the lien secured by attachment should be foreclosed, as the law was at the time the judgment was rendered.    Sayles" Civ. Stats., 180.

The decree of foreclosure was the authority to the officer authorized to issue process to enforce the lien acquired through the attachment, and such person had no power to issue a writ commanding the officer to whom directed to sell any property other than that described in the decree of foreclosure; nor had the officer to whom the writ was directed any power to sell any property other than that which the writ commanded him to sell.

The judgment and writ were the sources of power to the officer selling, and when these directed the sale of property not identified by either, directly or by reference, the sale was a nullity for want of description of the thing to be sold.    Certainty as to the thing to be sold, offered for sale, and sold is necessary for the protection of the person whose property is to be sold as well as for the protection of the purchaser, and no amendment could be allowed which would give validity to a sale of property not directed to be sold nor in fact sold.

Had an ordinary execution issued and been levied on the property in controversy a sale made thereunder might have passed title to the property, although there was no proper decree of foreclosure, but no such state of facts is shown.

There was no error in the rulings of the court below and its judgment will be affirmed.

*Affirmed..*

Delivered October 18, 1889.

Justice Gaines did not sit in this case.