HENSLEY et ux. v. PENA. (No. 782.)

(Court of Civil Appeals of Texas. El Paso. Jan. 17, 1918.)

1. TRESPASS TO TRY TITLE ⬗32—PETITION— ABANDONMENT OF PLEA.

Where plaintiff pleads her title specially, she abandons her plea in trespass to try title, but does not thereby subject the petition to general demurrer.

2. CANCELLATION OF INSTRUMENTS ⬗37(1)— AVERMENT OF GROUNDS FOR.

Allegations in petition setting up the title of plaintiff specially, and asking for cancellation of deed and possession of land assigned examined, and *held* sufficient.

3. TRESPASS TO TRY TITLE ⬗44—QUESTION FOR JURY.

Where plaintiff alleged and testified that she did not sign the deed, nor sell the land to defendants, it was not error for the court to submit to the jury the question whether plaintiff signed such deed in the presence of a notary public, whose certificate was on such deed.

4. DEEDS ⬗194(2)—DELIVERY—PRESUMPTION FROM POSSESSION OF DEED.

That a deed properly executed is found in possession of the purchaser is prima facie evidence of its delivery, but such evidence may be affirmatively rebutted by testimony of the grantor that she did not execute the deed.

5. DEEDS ⬗67—DELIVERY OF INVALID DEEDS OF NO EFFECT.

Where a deed was not executed by the owner of the land, delivery could give it no legal effect.

Error from District Court, Presidio County; P. R. Price, Judge.

Action by Mrs. Antonio Pena against S. J. Hensley and wife. Judgment for plaintiff, and defendants bring error. Affirmed.

See, also, 190 S. W. 247.

K. C. Miller and W. C. Jourdan, both of Marfa, and J. D. Martin, of San Antonio, for plaintiffs in error. Belcher & Sutton, of

Marfa (C. C. Belcher, of Del Rio, and C. R. Sutton, of Marfa, of counsel), for defendant in error.

HARPER, C. J. Antonio Pena, appellee, brought this action in trespass to try title, and further alleged that the land sued for was patented to her husband, then deceased, and that it was their homestead and still is; that she learned that defendants were claiming title to it by virtue of a deed purporting to have been executed by her; that at the time the deed purports to have been executed she was an aged, uneducated, and illiterate Mexican woman, unable to read and write; that she had no recollection of signing the deed; that it was never her intention to convey the lands or any interest therein, and that she did not do so in fact; that it was without consideration; that it was not delivered to her, nor did she acquiesce in its delivery to said S. J. Hensley; that, if she be mistaken as to the above, then the deed was never intended by either of the parties to become absolute, but that it was intended to convey the lands in trust for her several children, to avoid trouble with and among them; that there was no necessity for the trust, and no duties to be performed by the grantee named, and none has been performed by her; that by reason of said facts the deed is void and cloud upon her title; and prayed for title, that the deed be canceled, and for possession and for general and special relief. Defendants answered by general and special demurrers, general denial, and not guilty. Submitted to jury by special issues, and upon their verdict judgment was rendered for plaintiff canceling the deed.

The first assignment is that the plaintiff's petition is subject to general demurrer.

[1, 2] The first proposition is that by pleading her title specially she abandoned her plea in trespass to try title. The second is that she, having asked for cancellation of the deed, was compelled to plead her title specially, and evidence of such plea is not admissible under the general plea; and, third, that plaintiff is bound by the allegations in her petition, and the proof must conform to the allegations.

The first is a correct proposition of law, but we fail to see how it indicates that the petition is subject to general demurrer. As shown by the excerpts copied from the petition, plaintiff set up the facts and asked cancellation of the deed and removal of the cloud. As to the second, she alleged that the lands in controversy were patented to her husband, deceased, and that she still retained her half interest as a homestead living on it, and as to the third it is a correct proposition of law, but has no application to the petition. It might apply if the proof did not conform to the allegations.

[3] The second assignment urges that the court erred in submitting the question:

"Do you find from the evidence that Mrs. Antonio Pena, in the presence of J. Humphreys, a notary public, signed the deed introduced in evidence, from Mrs. Antonio Pena to Mrs. S. J. Hensley."

The proposition is that, in order to avoid a notary's certificate, regular on its face, you must allege and prove facts entitling such party to such affirmative relief. She alleged that she did not sign the deed, and testified that she did not sell or deed the land to Dr. and Mrs. Hensley.

[4] The third assignment is that the court erred in submitting the question as to whether she delivered the deed in question.

[5] The first proposition is that, where a deed has been properly executed, found in the possession of the vendee, and recorded it is prima facie evidence of its delivery, and the second proposition is that delivery to the husband of vendee is a sufficient delivery. The answer is that prima facie proof may be rebutted as has been affirmatively done in this case. Since the pleading, evidence, and verdict of the jury were to the effect that the deed was not executed by her, delivery would give it no vitality or legal effect.

Finding no error in the record, the cause is affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.

---

⬥➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes