## MORRISON et al. v. CLOUD et al. (No. 762.)

Court of Civil Appeals of Texas. Waco. Jan. 31, 1929.

W. E. Neeley, of Bryan, and B. Jay Jackson, of Cleburne, for appellants.

Henderson & Hoyle and W. S. Barron, all of Bryan, for appellees.

GALLAGHER, C. J. This suit was instituted by L. R. Morrison and others against J. C. Cloud and others in form of trespass to try title to recover 142 acres of land in Brazos county. Appellants' petition contains a formal count in trespass to try title, and a second count setting out their title and the title claimed by appellees. Said latter count discloses that both appellants and appellees are claiming under one Len Hudson as common source; that said Hudson executed and delivered to T. J. Woodward a deed to said tract of land; that said T. J. Woodward was the husband of Mrs. Martha Woodward, a daughter of said Hudson; that appellants claim that said deed of conveyance was intended to vest the legal title to said land in said Woodward in trust for his said wife; that Mrs. Martha Woodward died intestate January 18, 1886; that she left surviving her three children, Maud Woodward, Anson Woodward, and Sherman Woodward; that Maud Woodward married appellant L. R. Morrison; that she is now dead and that appellants L. R. Morrison, J. M. Morrison, Grady Morrison, Charlie Morrison, John Morrison, Marshall Morrison, Ottie Cowley, and Bonnie Cowley are her only heirs; that Sherman Woodward is now dead; and that appellants Herbert Woodward, Ralph Woodward, and Edgar Woodward are his children and only heirs. Said count further discloses that appellees claim under a regular chain of transfers from said T. J. Woodward, and also under a judgment for said land dated April 4, 1904, in favor of A. G. Buchanan, one of the intermediate grantors in said chain of title, against Mrs. Maud Morrison, Anson Woodward, and Sherman Woodward. Appellees pleaded said judgment and their chain of title from the plaintiff therein in abatement as an estoppel and in bar of a recovery by appellants.

There was a trial, in which the court heard evidence on the plea of res adjudicata, sustained the same, and rendered judgment against appellants that they take nothing by this suit.

## Opinion.

Appellants present three assignments of error, which are in substance as follows: (1) That the court erred in sustaining the plea of res adjudicata as shown by the statement of facts; (2) that the court erred in finding that the parties to this suit were the same as the parties in the former judgment pleaded; and (3) that the court erred in finding that the determination of the issues and rights of the respective parties by the judgment in said former suit was an adjudication of the issues involved in this suit and determined the rights of the parties herein. Appellants, under said assignments of error, submit as grounds for reversal only two propositions. By the first of said propositions they contend that the cause of action asserted in the first count of their petition was separate and distinct from the cause of action asserted in the second count thereof, and that said judgment did not necessarily constitute a defense thereto, and that the judgment of the trial court should be reversed and the cause remanded to afford them an opportunity to introduce evidence of any other title to said land which they may be able to show. Said first count in appellants' petition was in the usual form of trespass to try title, but in their second count they alleged their title in detail. Such being the case, they were limited to proof of the title so pleaded. Snyder v. Nunn, 66 Tex. 255, 257, 258, 18 S. W. 340; Hughes v. Lane, 6 Tex. 289, 294; McDonald v. Red River County Bank, 74 Tex. 539, 540, 12 S. W. 235; National Lumber & Creosoting Co. v. Maris (Tex. Civ. App.) 151 S. W. 325, 326 (writ refused); Gatewood v. Graves (Tex. Civ. App.) 241 S. W. 264, 265; Hensley v. Pena (Tex. Civ. App.) 200 S. W. 427, 428.

Appellants, by their second proposition, contend that this suit is not between the same parties as such former suit, and that their

cause of action asserted herein is another and different one from the cause of action asserted in said former suit. Appellees introduced in evidence a judgment of the district court of Brazos county, rendered on the 4th day of April, 1904, in favor of A. G. Buchanan as plaintiff against Maud Morrison, Anson Woodward, and Sherman Woodward as·defendants, divesting them of all title to the land in controversy in this suit and quieting the title of the plaintiff Buchanan thereto. Appellants alleged in the second count in their petition as aforesaid that appellees were claiming under deeds of conveyance from T. J. Woodward to A. S. Bullock, from said Bullock to A. G. Buchanan, and from said Buchanan to appellee J. C. Cloud, and deed from said Cloud, conveying a part of said land to one Morgan, under whom the appellees other than said Cloud claimed. Said allegations were substantially in accord with the allegations made by appellees in their pleadings. Appellant Anson Woodward, one of the defendants in the original judgment, claimed equitable title to said land as heir of his deceased mother. All the other defendants claimed such title thereto through and under Mrs. Maud Morrison and Sherman Woodward, respectively, both of whom were parties defendant in said former judgment. A judgment is conclusive and binding, not only upon the parties to the action in which it was rendered, but also upon persons who are in privity with them in respect to the subject-matter of the litigation. Privity, in this connection, means a mutual or successive relationship to the same rights of property, and within the rules relating to the conclusiveness of judgments, all persons are privies to a judgment whose succession to the rights of property therein adjudicated or affected were derived through or under one or other of the parties to the action and accrued subsequent to the commencement of that suit. 34 C. J. pp. 1009–1012, §§ 1431, 1432; Whitmire v. Powell, 103 Tex. 232, 235, 236, 125 S. W. 889; Hair v. Wood, 58 Tex. 77, 78, 79; Webster v. Mann, 56 Tex. 119, 121, 42 Am. Rep. 688; Lamar County v. Talley (Tex. Civ. App.) 127 S. W. 272, 276; Coleman v. Davis (Tex. Civ. App.) 36 S. W. 103.

In connection with said judgment, appellees offered in evidence the original petition in the cause in which it was rendered. The plaintiff in said cause alleged in said petition that said land was conveyed by said Hudson to T. J. Woodward; that such conveyance was executed and delivered during the existence of the marital relation between said T. J. and Mrs. Martha Woodward; that said property constituted a part of their community estate; that Mrs. Woodward was dead, and that subsequent to her death said land was sold and conveyed by said T. J. Woodward to plaintiff's grantor for the purpose of paying community debts which existed at the date of her death; that the defendants in said suit were claiming their mother's community interest in said land, and prayed for judgment removing their claim as a cloud upon his title and vesting title in him. Appellees also introduced in evidence, in connection with said judgment, an answer for all the defendants therein, in which it was alleged that the tract of land in controversy was conveyed by said Hudson to T. J. Woodward in trust for said Martha Woodward and the heirs of her body, and that the conveyance from T. J. Woodward to said Bullock, the plaintiff's grantor, was for a pre-existing debt, and that no consideration passed at the time of the execution and delivery thereof. In said answer the defendants in said former suit asserted title to the entire tract of land, and prayed judgment therefor and for writ of possession to enforce the same. While it appears that Anson Woodward and Sherman Woodward were minors at that time, said judgment recites that a guardian ad litem was appointed to represent their interests, and that he appeared therein. In determining the issues adjudicated in that suit and the sufficiency of the pleadings therein to support the judgment rendered, the court will consider the pleadings of both parties. Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781, 783, 784; Wilson v. Duncan (Tex. Civ. App.) 269 S. W. 239, 241, par. 2. It appears affirmatively that a claim to the entire tract of land involved was asserted by the defendants in that suit on substantially the same ground as alleged by appellants in this suit. The issues involved in that suit were the title to said land and the right to the possession thereof as between the plaintiff and the defendants therein. The judgment rendered therein adjudicated said issues in favor of the plaintiff, appellees' remote grantor, and against appellant Anson Woodward, and also against Mrs. Maud Morrison and Sherman Woodward, respectively, under whom the other appellants claim. Appellants are bound by such adverse adjudication. R. S. 1925, art. 7391; Shook v. Shook (Tex. Civ. App.) 145 S. W. 699, 703 (writ refused); Fricke v. Wood, 31 Tex. Civ. App. 167, 71 S. W. 784; Grayson County Bank v. Wandelohr, 105 Tex. 226, 146 S. W. 1186, 1187; Foster v. Wells, 4 Tex. 101; Edinburg Irr. Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 335, 338, 339, and authorities there cited.

The judgment of the trial court is affirmed.