## AMERICAN LEGION, WILLIAM FRANK MARTIN POST NO. 185, DEPARTMENT OF TEXAS, et al. v. BIG SPRING VETERANS, Inc.

### No. 1276.

Court of Civil Appeals of Texas. Eastland.
June 1, 1934.

Rehearing Denied June 29, 1934.

W. S. Leslie, of San Angelo, and Frank Stubbeman, of Midland, for plaintiffs in error.

Woodward & Coffee, of Big Spring, for defendant in error.

HICKMAN, Chief Justice.

This suit went to trial on plaintiff's fourth amended original petition in which William Frank Martin Post No. 185 of the American Legion, Department of Texas, alleging itself to be a corporation, and American Legion, Department of Texas, alleging itself to be a corporation, were plaintiffs, and Big Spring Veterans, Inc., a corporation, was defendant. The suit involves the title and possession of lot 11, block 29, original town of Big Spring, Howard county, Tex. The trial below was before the court without the assistance of a jury, and resulted in a judgment that plaintiffs take nothing, and the cause has been brought to this court by a writ of error proceeding. The brief of plaintiffs in error well summarizes the petition upon which the case was tried, and will be adopted as follows:

"The suit involves the title to lot 11, block 29, original town of Big Spring, Howard county, Tex. Plaintiffs' petition alleges that all parties to this suit are corporations; contains the usual count in trespass to try title, and alleges Clara Blanck and husband, Philip Blanck, are the common source of title; that plaintiffs acquired title to the lot in controversy by virtue of a deed from Clara Blanck and husband, Philip Blanck, to 'Homer McNew, E. E. Fahrenkamp, and R. V. Middleton, trustees for William Frank Martin Post No. 185, American Legion, Department of Texas, for the use and benefit of said post, which is located in Big Spring, Texas'; that the defendant claims title by virtue of an instrument signed and acknowledged by R. V. Middleton, Homer McNew, and E. E. Fahrenkamp and their wives, purporting to convey the lot in question to the defendant; that the instrument to defendant was without consideration, without the name of either plaintiff being mentioned therein, without authority from either of said plaintiffs, and conveyed no title to de-fendant, and that the instrument to defendant was executed at a time when there was dissension in the local American Legion Post, and with the intent of putting the property out of the reach and control of certain members of said post. The petition also contains other allegations in support of those just outlined."

The facts developed upon the trial may be briefly stated as follows: American Legion is a national organization, chartered by special act of the Congress of the United States. By that act it was given the right to establish state and territorial organizations and local chapters, or posts, and to adopt a constitution and by-laws. Under the constitution adopted pursuant to the powers thus conferred, state departments and local posts were chartered by the national organization. Membership in American Legion (national organization) and in a state or territorial department results from becoming a member of a local post. The constitution of the national organization provides that its revenue shall be derived from membership dues and "from such other sources as may be approved by the national executive committee."

The American Legion, Department of Texas, is a corporation duly incorporated under and by virtue of the general corporation laws of the state of Texas, its charter having been issued on December 30, 1919. The charter was originally granted under the name of "American Legion, Texas Branch," which name was later changed by amendment to "American Legion, Department of Texas." Thereafter, on September 19, 1920, a charter, or authority to maintain a local post, was granted by American Legion (national organization) to "William Frank Martin Post No. 185, American Legion, Department of Texas." This charter was issued by the National Commander and National Adjutant, and was countersigned by the Department Commander and Adjutant. With money derived from rodeos, dances, and other public entertainments, the local post, in 1923, purchased lot 12, block 29, original town of Big Spring, said property having been conveyed to R. V. Middleton, Homer McNew, and E. E. Fahrenkamp, as trustees for the use and benefit of said local post. After the purchase of this lot, property values greatly increased, and in 1927 it was sold and the lot in controversy in this suit purchased. The deed to same was executed by Clara Blanck, joined by her husband, Philip Blanck, and recited a consider-

ation of $1,500 cash and the execution and delivery of a promissory note for $6,000. This deed recited that the cash was paid and the note executed by Homer McNew, R. V. Middleton, and E. E. Fahrenkamp, trustees for William Frank Martin Post No. 185, American Legion, Department of Texas. The premises were conveyed to the same parties "for the use and benefit of said post, which is located in Big Spring, Texas."

On October 5, 1928, by a vote of the members of the local post, the trustees were instructed to convey said property to a corporation then in the process of being chartered under the name of Big Spring Veterans, Inc. This corporation was chartered under the general laws of Texas, and was organized primarily for the purpose of acquiring title to the lot in controversy. The stock of this corporation was divided equally between the then members of the local post. The facts disclose that one of the members, Judge James T. Brooks, declined to accept any stock, and at least one other member did not know of the transaction and never received any stock, but the evidence discloses that no one who was then a member of the local post made any objection to the transfer, or is now complaining thereof. The record does not present a case in which a minority faction of an association is challenging the right of the majority to appropriate the property of such organization to some purpose other than that for which the association was created.

The briefs discuss many interesting questions involving the law of property rights incident to membership in a benevolent association, but, under the conclusions we have formed with reference to the record here presented, these questions will not be reached.

The defendant in error filed a duly verified plea in abatement, denying the corporate existence of the local post, and by cross-assignments of error challenges the action of the trial court in overruling this plea. It becomes necessary to consider this question preliminarily. The only claim of corporate capacity asserted by the local post is based upon the provisions of articles 1399 and 1400, R. S. 1925. These articles read as follows:

"Art. 1399.—The grand lodge of Texas, Ancient, Free and Accepted Masons, the Grand Royal Arch Chapter of Texas, the Grand Commandery of Knights Templars of Texas (Masonic); the grand lodge of the Independent Order of Odd Fellows of Texas, and other like institutions and orders or-

ganized for charitable or benevolent purposes may, by the consent of their respective bodies expressed by a resolution or otherwise, become bodies corporate under this title.

"Art. 1400.—The incorporation of any such grand lodge shall include all of its subordinate lodges, or bodies holding warrant or charter under such grand body, and each of such subordinate bodies shall have all the rights of other corporations under and by the name given it in such warrant or charter issued by the grand body to which it is attached, such rights being provided for in the charter of the grand body. Such subordinate bodies shall, at all times, be subject to the jurisdiction and control of their respective grand bodies, and subject to have their warrants or charters revoked by such grand body."

■ Did the incorporation by the state of Texas of American Legion, Department of Texas, give a corporate status to the local posts thereafter organized? We think it did not. Many reasons supporting that conclusion are advanced in the brief of defendant in error, of which we mention the following: (1) The corporation known as American Legion, Department of Texas, was not incorporated under chapter 9, title 32, of the Revised Statutes (article 1396 et seq.), in which appear articles 1399 and 1400, but was incorporated under chapter 2 of that title (article 1303 et seq.). Its charter was not applied for in the manner provided for in article 1399, but was applied for in the manner provided in chapter 2, without any showing that the consent of the body had been expressed "by a resolution or otherwise." This charter was granted upon the application of five men, who were entitled to have same issued irrespective of article 1399. The provisions of that article are therefore not applicable. (2) The charter issued to the corporation known as American Legion, Department of Texas, does not purport to confer a corporate status on each local post, and there is nothing to show that such status has ever been actually granted or accepted by such local post. The local post has no charter from the state. (3) The local post, as above noted, obtained its charter from the national organization, countersigned by the state department, after the corporation known as American Legion, Department of Texas, came into being. The creation of corporations is an attribute of sovereignty and, if the language of article 1400 should be construed as conferring a corporate status upon

each local post to which the state department might thereafter issue a charter, then the effect thereof would be to authorize a private corporation to create other private corporations at will. Corporations cannot be created in this manner, but must be created by general law. Const. of Texas, art. 12, §§ 1 and 2. (4) Regardless of what construction should be given to articles 1399 and 1400, they do not undertake to confer a corporate status upon any subordinate bodies, except those which hold warrant, or charter, under the "grand body." In the context in which this term is used, it means the body which is chartered under article 1399. The local post holds no charter from that grand body, but from the national organization, of which this "grand body" is a subordinate body. Clearly, these articles do not undertake to confer a corporate status upon a local post chartered by the national organization and merely countersigned by its subordinate body.

■■ Our conclusion is that the local post, known as William Frank Martin Post No. 185, of the American Legion, Department of Texas, is not a corporation. It sued in no other capacity, and the trial court erred, therefore, in overruling the plea in abatement of defendant in error. With the local post eliminated as a party, there remains for determination the question of whether the corporation known as American Legion, Department of Texas, established title to, and right of possession of, the lot in controversy.

On this question there is but little to write. The charters, by-laws, and constitutions of both the national organization and the state department were introduced in evidence. They are practically silent on the question of property rights. These constitutions and by-laws provide for the payment of membership dues by the members of the local post to the national and state organizations. Beyond this no financial obligations are placed on the local post. The national and state organizations undoubtedly could have prescribed rules and regulations for the government of the local post, and could have made provision touching property rights, but, according to the record before us, they have not done so. No specific trusts or limitations on the title were placed upon the property in controversy. The money used for the purchase of the property was raised by the members of the local post. It was not raised for any specific purpose. The only direct reference to property rights which we have in the record is contained in art. 3, § 5, of the by-laws of the national organization, which reads as follows:

"In case of revocation of the charter, the post of the American Legion organized under that charter shall cease operations and turn over to the department headquarters, not only its charter, but all records and properties in the possession of the post."

Similar provisions have been held to be void as a confiscation of property without judicial process. See 19 R. C. L., p. 1222, § 35, and authorities there cited. The basis of the decisions condemning such provision is that the property, before revocation of the charter, belongs to the subordinate body, and the grand or supreme body has no interest therein. In the instant case, the charter of the local post has not been revoked, and the article of the by-laws above quoted cannot be resorted to, even if it is valid. The state department in this suit is in the attitude of maintaining that it has title to all of the property of the local post. The theory upon which the case is presented to this court is that the defendant in error, Big Spring Veterans, Inc., holds the property as trustee for the American Legion, Department of Texas. It contends that it made out a case when it rested after it had introduced in evidence the deed from Mrs. Clara Blanck and husband to the trustees, and assigns as error the introduction in evidence, over its objection, of the deed made by the trustees to the defendant in error. The case here presented is not different from that which would have been presented had this suit been filed by the Department of Texas against the local post before the execution of the deed to defendant in error. Thus narrowed down, the question presented is: Does the corporation known as American Legion, Department of Texas, have title to the property acquired by one of the local posts through the activities of its members? That question, from this record, must be answered in the negative. See note, 15 L. R. A. (N. S.) 336; 19 R. C. L., pp. 1221 and 1222. This is a suit to try title to land, and the plaintiff must rely upon the strength of its own title. The fact that the local post conveyed the property to defendant in error added no strength to the title of the plaintiff. From this conclusion it follows that, in our opinion, the trial court did not err in that portion of its judgment wherein it was decreed that said plaintiff take nothing by its suit.

This opinion is not to be construed as passing on any of the many questions sug-

gested in the briefs regarding the strength of the title of defendant in error, the character of property rights acquired by members of unincorporated associations, or of the right of such members to divide the property of such associations among themselves. Our decision is limited strictly to a decision of two questions, namely, that the local post is not a corporation, and that the property of the local post, acquired through the activities of its members, does not belong to the corporation known as American Legion, Department of Texas.

It is our order that the judgment of the trial court, in so far as same overruled the plea in abatement of defendant in error and rendered judgment against the local post on the merits, be reversed, and that such party plaintiff be dismissed from this suit. It is our further order that said judgment, in so far as same decreed that American Legion, Department of Texas, take nothing by its suit, be affirmed. Affirmed in part, and reversed and dismissed in part.