**GRAND UNITED ORDER OF ODD FELLOWS v. JONES et al.**

No. 8097.

Court of Civil Appeals of Texas. Austin.

July 24, 1935.

Atkins & Wesley, of Houston, for appellant.

J. B. Dibrell, Jr., of Coleman, for appellee.

BLAIR, Justice.

Appellees, Lonnie Jones, husband of Lula Jones, deceased, and Bertha Lee Clay, daughter of deceased, as beneficiaries, sued appellant to recover on its contract of insurance covering the life of Lula Jones, for $500 and $75 additional as burial expenses. Recovery of the 12 per cent. statutory penalty and attorney's fees was also sought. The defense was that Lula Jones misrepresented her age as under forty-five years at the time the certificate of insurance was issued; it being alleged that the constitution and by-laws of appellant provided that no woman over forty-five years of age could be insured.

The jury found that Lula Jones was forty-seven years of age at the time the certificate was issued to her. She gave her age as forty-two years. The jury found that $25 was a reasonable attorney's fee. On motion of appellees, judgment was rendered for them in the sum of $697.75, with 6 per cent. interest from date. Judgment was rendered for appellees because appellant failed to prove that its constitution and by-laws in force at the time the certificate in suit was issued restricted membership to females not less than sixteen and not over forty-five years of age. We sustain this conclusion of the trial court.

■ Appellant offered, but the trial court excluded, its purported constitution and by-laws and amendments thereto, dated August 15, 1931. The certificate of insurance sued upon was issued in 1926. The provision restricting membership to females from sixteen to forty-five years of age was not shown to have been in effect in 1926 when the certificate was issued.

Nor were the constitution and by-laws and the amendments thereto offered in evidence properly certified to, to make them admissible as evidence as required by article 4848, R. S. 1925. Those offered were printed, and the names of all officers were printed. The purported certificate of the state commissioner of insurance was not signed nor sealed by the commissioner. Nor were the purported constitution and by-laws sealed with the appellant's seal.

■ Since appellant offered no evidence showing that the age clause was in effect in 1926, when the certificate was issued, the error, if any, in excluding certain evidence relating to the age of deceased was immaterial. The other propositions presented have no merit, and are not sustained.

The judgment of the trial court will be affirmed.

Affirmed.