MODERN MUT. HEALTH & ACCIDENT
INS. CO. v. FREEMAN et al.

No. 10920.

Court of Civil Appeals of Texas.
San Antonio.

April 2, 1941.

Rehearing Denied May 28, 1941.

Garrett & Garrett and Barney A. Garrett, all of Waco, and Cole, Patterson & Cole, of Houston, for appellant.

Mueller & Mueller, of Seguin, for appellee.

NORVELL, Justice.

This is an action of trespass to try title brought by Modern Mutual Health & Accident Insurance Company against Frank A. Freeman and seven others, involving part of Block No. 52, in Guadalupe City, or West Seguin, Guadalupe County, Texas. Trial was to the court without a jury and the judgment rendered for defendants. No findings of facts or conclusions of law were requested and, consequently, we presume that the trial court made all findings favorable to the judgment which would have support in the evidence.

Briefly stated, the facts established upon the trial were as follows:

In September, 1880, the Grand United Order of Oddfellows of America, with headquarters in Philadelphia, Pennsylvania, granted a dispensation or charter to District Grand Lodge No. 25, giving said District Grand Lodge jurisdiction over subordinate lodges in the State of Texas.

Prior to the year 1901, said District Grand Lodge organized and set to work a subordinate lodge at Seguin, Texas, known as Guadalupe Lodge No. 3496. On March 9, 1901, Guadalupe Lodge No. 3496 acquired the property in controversy from Harry Burges and Merida Burns (the agreed common source of title) for the purpose of erecting a lodge hall thereon for the use of the members of the local lodge. The grantee named in the deed of conveyance was Harry Burges, Noble Grand of Guadalupe Lodge No. 3496, and his successors in office. This property was paid for through the individual efforts and contributions of the members of the local lodge.

It was agreed by the parties that said District Grand Lodge No. 25 was issued a license to operate in Texas as a "fraternal benefit society" in the year 1900, and was licensed annually as such by the State of Texas, until April, 1939. It does not appear, however, that said District Grand Lodge No. 25 passed a resolution bringing it under the statutory enactments relating to religious, charitable and educational corporations (now Chapter 9, Title 32, Vernon's Ann.Civ.Stats. art. 1396 et seq.) until some time during the year 1917.

On October 4, 1902, certain members of District Grand Lodge No. 25 secured a charter for a corporation known as "The District Grand Lodge Endowment of District Grand Lodge No. 25 of District Household of Ruth, No. 13, Grand United Order of Oddfellows of Texas." This corporation was organized under the then existing laws relating to fraternal benefit societies, which were somewhat similar to the present statutory provisions of Chapter 8, Title 78, Vernon's Ann.Civ.Stats. art. 4820 et seq.

In 1930 the charter of the last mentioned corporation was amended so as to change its name to "District Endowment and Burial Department, Grand United Order of Oddfellows and Ruthites in Texas." This organization encountered financial difficulties and was unable to pay or settle numerous death claims upon certificates of insurance issued by it.

Because of this condition, District Grand Lodge No. 25 conveyed all of its property and assets to the District Endowment and Burial Department, Grand United Order of Oddfellows and Ruthites in Texas, and the latter corporation in turn conveyed said property, as well as all assets held by it, to the appellant herein, under an agreement approved by the Insurance Department of the State of Texas, whereby appellant would take said property and pay off the claims against the Endowment

and Burial Department up to the extent of assets received by it under said conveyance.

Appellant claims title to the particular property here involved under the conveyances above mentioned, and here presents two contentions in support of its prayer for a reversal of the judgment of the trial court.

Appellant's first position is that under and by virtue of the constitution and by-laws of District Grand Lodge No. 25, all property acquired by a subordinate lodge became in effect the property of the Grand Lodge. Appellant also asserts that its predecessor in title, District Grand Lodge No. 25, acquired title to the property involved under the provisions of Article 1403, Vernon's Ann.Civ.Stats.

■ Bearing in mind the rule that a plaintiff in trespass to try title must recover, if at all, upon the strength of his own title and not upon the weakness of that of his adversary, we examine the first contention advanced by appellant.

■ It seems clear that the action of the members of Guadalupe Lodge No. 3496, an unincorporated association, in acquiring the property here involved for the use of the members of the local lodge, would not vest title in the District Grand Lodge in the absence of a provision to that effect in the constitution or by-laws of the Grand Lodge.

■ Upon the trial, appellant introduced in evidence the constitution and by-laws of District Grand Lodge No. 25, which provide that all property acquired by a subordinate lodge shall be held in trust for the Grand Lodge. However, it appears that the constitution and by-laws introduced in evidence were adopted in 1917, and the provisions therein contained constituted the constitutional and by-law enactments made in the year 1908, together with amendments thereto adopted since that time. There is no showing that the constitution and by-laws of the Grand Lodge, if any, existing at the time of the acquisition of the property by Guadalupe Lodge No. 3496, in the year 1891, contained a provision which would place the beneficial title to the property in the Grand Lodge. We can not presume, in the absence of proof, that such a provision existed. It follows, therefore, that appellant failed to prove that the beneficial or equitable title to the property (the legal title being in Harry Burges, Noble Grand and his successors in office) vested in the Grand Lodge. It follows that the beneficial title was held by other parties than the Grand Lodge. The constitution and by-law provisions of the Grand Lodge, adopted in 1917 or in 1908, can not be given a retroactive effect so as to destroy an equitable title or interest in property which had become vested prior to that time. Grand United Order of Oddfellows v. Jones, Tex.Civ.App., 85 S.W.2d 662; American Legion, William Frank Martin Post No. 185, Department of Texas, v. Big Spring Veterans, Inc., Tex.Civ.App. 73 S.W.2d 594.

We next examine appellant's claim to title under Article 1403, supra. This article reads as follows: "Lodges: demise.— Upon the demise of any subordinate body so incorporated, all property and rights existing in such subordinate body shall pass to, and vest in, the grand body to which it was attached, subject to the payment of all debts due by such subordinate body; but the grand body shall never be liable for any sum greater than the actual cash value of the effects of such subordinate actually received by it, or its authority."

■ We have concluded that appellant's pleadings are insufficient to invoke the provisions of this article, for the reason that appellant did not plead that Guadalupe Lodge No. 3496 had demised or ceased to exist. Appellant's petition contains two counts, the first being a general count in statutory trespass to try title. In the second count appellant does not seek to invoke an equitable remedy, nor does it pray for any relief which it could not have obtained in an action of trespass to try title. This second count is a special pleading of title and it is well settled that under such circumstances appellant is bound by his special pleadings. Snyder v. Nunn, 66 Tex. 255, 18 S.W. 340; Murphy v. Johnson, Tex.Civ.App., 54 S.W.2d 158; Morrison v. Cloud, Tex.Civ.App., 13 S. W.2d 735.

It seems to be appellant's contention here that the deficiency in his pleading, i. e., the failure to plead the demise of the subordinate lodge, is supplied by allegations contained in the answer of the appellees. The appellees pleaded that they had been members of the Grand United Order of Oddfellows and members of subordinate Lodge No. 3496, but that they had been informed, by the agents and representatives

of District Grand Lodge No. 25 and the District Endowment and Burial Department, that said bodies were "unable to meet their insurance claims, and that they contemplated surrendering such organizations to the plaintiff herein, and believing such representations to be true, and believing that said organizations had wholly ceased to function, and had placed themselves in such position that they could no longer function as such, and which representations and beliefs have been in part, if not in whole come to pass, and said organizations have wholly ceased to be responsible for any insurance contracts of these defendants; thereupon these defendants as the only surviving members of the local lodge were forced to become wholly divorced and separated from said Grand United Order of Odd Fellows, not by their consent and request, but because of the above mentioned transactions of said district lodge and burial and endowment departments, * * * ."

The pleadings of appellees were to the effect that the subordinate lodge had not demised or ceased to exist, but, on the contrary, the Grand Lodge had ceased to function and had demised. Obviously, these pleadings of appellees cannot be construed as containing an allegation that the subordinate lodge had demised so as to make the provisions of Article 1403 applicable to the situation presented here.

We are further of the opinion that the evidence is sufficient to support a finding which we presume was made by the trial court, that the severance of appellees from District Grand Lodge No. 25, was caused by its ceasing to function, as alleged by appellees.

The authorities cited by appellant are not in point here. In all of them, it will be found either that Article 1403 was applicable to the facts discussed therein, or that at the time property was acquired by a subordinate lodge or organization, there was in existence a constitutional or by-law provision of the Grand Lodge, or general organization, having reference to the acquisition of property by the subordinate lodge or body, which provided that the general organization should be or become the owner of such property upon acquisition or upon the occurrence of certain specified events.

Appellant's assignments of error are overruled and the judgment appealed from is affirmed.